Anthony Smith , SUI JURIS
c/o 39 Tall Timber Road
Middletown, New Jersey Republic
[No IRS zone number (ZIP) code]
[NOT IN ANY FEDERAL ENCLAVE]

# United States District Court, Southern District of New York

| | |
|---|---|
| Anthony Smith, James Welch, and Alan Sacks <br> Plaintiffs, <br><br> vs. <br><br> Thomas Vella, Wesley Zlotoff, Dominic Riccobono, and Jack Thomas Riccobono <br> Defendants, | Case #: <br><br> SPECIAL APPEARANCE <br><br> COMPLAINT <br><br> REQUEST FOR DECLARATIVE <br><br> AND INJUNCTIVE RELIEF <br><br> RULE 65(b) |

**COMES NOW**, Plaintiffs Anthony Smith, James Welch, and Alan Sacks brings this action against Defendants THOMAS VELLA, WESLEY ZLOTOFF, DOMINIC RICCOBONO, and JACK THOMAS RICCOBONO, and their successors and assigns, and as grounds thereof alleges as follows:

## I    PARTIES

1.    This Complaint is submitted pursuant to Rule 65(b) of the Federal Rules of Civil Procedure. Plaintiff, brings this civil action against Defendants for breach of contract.

2.    By operation of Contract law, as more fully set forth herein and the laws of the United States, Defendants' actions have breached a binding contract by not compensating Plaintiffs for materials they solely invested. Hence, Plaintiff seeks declaratory judgment, injunctive relief and monetary damages and such other ancillary relief the Court may deem just and proper.

3.   Plaintiff Anthony Smith is citizen of New Jersey, residing at 39 Tall Timber Road, Middletown, New Jersey

4.   Plaintiff Alan Sacks is a citizen of New York, residing at 667 Correll Avenue, Staten Island, New York 10309

5.   Plaintiff James Welch is a citizen of California, residing at 1850 Whitley Avenue, Unit 709, Los Angeles, California 90028

6.   Defendant Thomas Vella is a citizen of Arizona, residing at 6835 East Camelback Road, Unit 8003, Scottsdale, Arizona 85251-3159

7.   Defendant Wesley Zlotoff is a citizen of the Arizona, residing at 8337 East San Ramon Drive, Scottsdale, Arizona 85258-1813

8.   Defendant Dominic Riccobono is a citizen of Arizona, residing at 11637 East Cochise Drive, Scottsdale, Arizona 85259-4943

9.   Defendant Jack Thomas Riccobono is a citizen of Arizona, residing at 20104 East Melissa Place, Queen Creek, Arizona 85142-5411

## II   JURISDICTION

10.   The basis of this court's jurisdiction of this matter is Diversity of citizenship, where the Plaintiffs are citizens of New Jersey, New York, and California. The Defendants all appear to be citizens of Arizona.

## IV   VENUE

11.   Venue is proper in this District pursuant to 28 U.S.C. § 1332 since Plaintiffs are citizens of New Jersey, New York, and California, while Defendants appear to be citizens of Arizona. Additionally, venue is proper under 28 U.S.C. §§

1332 and 2202 as for declaratory judgment. This Court holds
proper venue under 28 U.S.C. § 1391(b), since the the
contract in dispute was executed in New York.

**III   FACTUAL BACKGROUND AND GENERAL ALLEGATIONS**

12.   Plaintiffs' company, Eastern Industries, LLC is engaged in
the business of cultivating, harvesting and selling
industrial hemp. See: **Exhibits E and F.**

13.   It is common knowledge that hemp in any quantity holds the
same characteristics as any other living crop that can be
planted, grown, cultivated, and harvested, such as spoiling
and exhibiting an expected expiration where the harvest is
not typically usable.

14.   On November 10, 2019, Plaintiffs entered a legal and
binding contract with Defendants for the compensation of
$1,500.00USD per kilogram of material furnished by
Plaintiffs PLUS 50% of revenues generated from the sale of
products completed. See: **Exhibits E and F.**

15.   On or about November 21, 2019, shipments of Plaintiff's
materials were received at a facility controlled by
Defendants' company, Earthco Enterprises, LLC. See: **Exhibit
G.**

16.   On June 8, 2021, eight (8) kilograms was credited as sold
by Defendants, and Plaintiffs were compensated
$10,000.00USD. See: **Exhibit G.**

17.   On October 19, 2021, Defendant Vella, on behalf of
Defendants Riccobono and Zlotoff, attempted to adjust the
terms of the original contract entered on November 10,
2019. Plaintiffs did not agree to these new terms, nor was
compensation for already delivered materials offered in the
proposed addendum. See: **Exhibit H.**

18. On March 7, 2022, Plaintiffs started the administrative process with a Notice and Demand against Defendants. See: **Exhibits E and F.**

19. On April 20, 2022, Plaintiffs continued the administrative process with a Notice of Default against Defendants. Defendants did not respond to Notice and Demand. See: **Exhibits C and D.**

20. On August 18, 2022, Plaintiffs continued the administrative process with a Commercial Affidavit against Defendants. Defendants did not respond to Notice of Default. See: **Exhibits A and B.**

21. On September 9, 2022, a letter by "Sandra E. Portney, Esq." on Letterhead from "Warner Angle Hallam Jackson & Formanek" was sent to Plaintiffs, Wesley-Keith: Mullings, and Nelson Martins without a letter of retainer nor letter of representation in an effort to discourage Plaintiffs from seeking remedy in a three-year old unresolved matter. No affidavit to rebut any claims from Plaintiffs was included in the communication. See: **Exhibit I.**

22. No further compensation has been received by Plaintiffs nor Eastern Industries, LLC for materials already delivered to Defendants to date.

23. Plaintiffs have individually and collectively invested $390,973.09 into the 2020 harvest that was delivered to Defendants for sale, to include legal costs and fees to bring this matter before this court. See **Exhibit J.**

**V    CAUSES OF ACTIONS AND DAMAGES**

V.I      **COMPENSATORY AND PUNITIVE DAMAGES**

24. Plaintiff repeats, realleges, and fully incorporates by reference each and every allegation contained in Paragraphs

1 through 23 of this Complaint as though such allegations were fully set forth herein

25. THAT, Defendants allowed the purchased materials to spoil by not optimizing the coordination of the shipping of those materials and their ready acceptance with the next buyer along the supply chain

26. THAT, Plaintiffs offered Defendants multiple opportunities over the course of three years to compensate them or take action to compensate them for materials purchased and wasted

27. THAT, Plaintiffs took the proper and complete steps to execute the administrative process to get remedy, and Defendants still did not take steps to remedy Plaintiffs

28. THAT, Defendants willfully refused to compensate Plaintiffs for the materials purchased within the original contract

## VI   DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

The Plaintiff respectfully requests this matter be heard as an emergency to pursue the following relief:

29. Plaintiff repeats, realleges, and fully incorporates by reference each and every allegation contained in Paragraphs 1 through 28 of this Complaint as though such allegations were fully set forth herein

30. THAT the Court enter injunctive relief against Defendants jointly and separately to enter a money judgment against each Defendant for a share of $2,938,750.00 in the immediate, and a share of any further relief that the Court may deem just and proper

31. THAT the Court enter declaratory judgment that Defendants individually and jointly committed fraud upon Plaintiffs as

such are causes of action under 28 U.S.C. §§ 1395(b),
respectively

**VII   JURY DEMAND**

32.   Plaintiff respectfully demands a jury trial.

**VIII PRAYER**

33.   Plaintiffs pray for full compensation of 2,359kg of
materials purchased at the rate of $750.00 per kilogram
through the contract entered on November 10, 2019, minus
the $10,000.00 tendered to Plaintiffs on June 8, 2021, to
equal $1,759,250.00

34.   Plaintiffs also pray for the full compensation of 2,359kg
of materials purchased on the promise on 50% of promised
sales at the rate of $500.00 per kilogram on purchased
materials from the same contract, to equal $1,179,500.00

35.   Total compensation prayed will be $2,938,750.00, payable to
"Eastern Industries, LLC"

**WHEREFORE,** Plaintiff demands judgment against Defendants
individually of at least $ 2,948,750.00 for compensatory damages
in the immediate, and an amount to be determined by the jury for
punitive damages, and for such other and further relief as the
Court shall deem just and proper.

**IX   CERTIFICATIONS**

**I, Anthony Smith, declare under the penalty of perjury that, I
have witnessed these events and certify the contents are true.**

Respectfully submitted, on this **00th** day of **November, 2022.**

Co-Plaintiff, ⟋⟍ anthony smith (Nov 22, 2022 11:36 EST)
(signature) without recourse

**I, Alan Sacks, declare under the penalty of perjury that, I have witnessed these events and certify the contents are true.**

Respectfully submitted, on this **00th** day of **November, 2022.**

Co-Plaintiff, *Alan Sacks*
Alan Sacks (Nov 22, 2022 11:45 EST)

(signature) without recourse

**I, James Welch, declare under the penalty of perjury that, I have witnessed these events and certify the contents are true.**

Respectfully submitted, on this **00th** day of **November, 2022.**

Co-Plaintiff, *James welch*
James welch (Nov 22, 2022 11:40 EST)

(signature) without recourse

## References/Legal citations:

"If two or more persons in any State or Territory conspire … on the highway … for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws … in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, **whereby another is injured in his person or property**, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators." 42 U.S.C. § 1985

"Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, **shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented** …" 42 U.S.C. § 1986

## Case Laws

Anthony Smith , SUI JURIS
c/o 39 Tall Timber Road
Middletown, New Jersey Republic
[No IRS zone number (ZIP) code]
[NOT IN ANY FEDERAL ENCLAVE]


# United States District Court, Southern District of New York

| | |
|---|---|
| Anthony Smith,<br>James Welch, and<br>Alan Sacks<br>       Plaintiffs,<br><br>vs.<br><br>Thomas Vella,<br>Wesley Zlotoff,<br>Dominic Riccobono, and<br>Jack Thomas Riccobono<br>       Defendants, | Case #:<br><br>SPECIAL APPEARANCE<br><br>NOTICE OF MOTION<br><br>FOR LEAVE TO REQUEST<br><br>TO FILE AN EMERGENCY MOTION |

Pursuant to Section 15 of the Clayton Act, 15 U.S.C. § 25, 15 U.S.C. § 4, and Rule 65 of the Federal Rules of Civil Procedure, Plaintiff respectfully moves the Court for entry of a Preliminary Injunction enjoining Defendants to freeze their separate and collective assets held in due course until the immediate matter is decided by this court.

For all these reasons, and those stated in the attached Affidavit in Support, Plaintiff respectfully requests that the Court grant Plaintiff leave to file the attached Emergency Motion. Also attached is a proposed order.

Respectfully submitted,


Co-Plaintiff,_____
anthony Smith (Nov 22, 2022 11:36 EST)
Anthony Smith, without recourse          .

Co-Plaintiff,_____/s Alan Sacks_____
Alan Sacks, without recourse          .

Co-Plaintiff, /s James welch
_____
James Welch, without recourse        .

Anthony Smith , SUI JURIS
c/o 39 Tall Timber Road
Middletown, New Jersey Republic
[No IRS zone number (ZIP) code]
[NOT IN ANY FEDERAL ENCLAVE]

# United States District Court, Southern District of New York

| | |
|---|---|
| Anthony Smith,<br>James Welch, and<br>Alan Sacks<br>　　　　Plaintiffs,<br><br>vs.<br><br>Thomas Vella,<br>Wesley Zlotoff,<br>Dominic Riccobono, and<br>Jack Thomas Riccobono<br>　　　　Defendants, | Case #:<br><br>SPECIAL APPEARANCE<br><br>AFFIDAVIT IN SUPPORT<br><br>OF MOTION |

STATE OF NEW JERSEY    )
　　　　　　　　　　　　) :ss
COUNTY OF ATLANTIC     )

**COMES NOW** Plaintiffs Anthony Smith, James Welch, and Alan Sacks, each being duly sworn, depose and says under penalty of perjury that the contents of the herein affidavit are true and correct, except as to matters stated upon information and belief, and as to those matters he believes the same to be true:

1    We are co-Plaintiffs in the above-captioned matter and have moved the Court pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure to file an Emergency Motion.

2    The granting of leave to file an Emergency Motion will prevent Defendants from breaching due process of law.

3    Furthermore, allowing these Plaintiffs leave to file an Emergency Motion would serve the interest of justice,

judicial efficiency, and the public interest, as the facts
of the immediate matter are now presented before this court
and the matter is simple to comprehend and can be resolved
swiftly.

4    Defendants will not be able to prove at trial that the
     Plaintiffs were compensated more than $10,000 collectively
     or separately under terms of the contract entered on
     November 10, 2019.

5    Defendants will not be able to prove at trial that
     Plaintiffs failed to deliver the purchased raw materials to
     facilities that Defendants were in control of or under
     contract to use.

6    Defendants will not be able to prove at trial that the
     materials purchased were not of full satisfaction and
     accord in quality, quantity, or type.

7    A Preliminary Injunction is necessary to preserve the
     status quo, to prevent irreparable injury to the Plaintiff
     by appearing or presenting themselves to this court to be
     insolvent individually and collectively. Plaintiff would
     have no adequate remedy at law, and this Court's ability to
     fashion effective relief would be significantly impaired,
     if this Court continues with its standard and typical
     calendaring practices in this instance.

8    Any harm to Defendants from enjoining the preliminary
     injunction would be outweighed by the Defendants ability to
     move, conceal, and otherwise hide or withhold any assets
     they hold individually and collectively, in public and in
     private, in due course.

9     This Court has authority under Section 15 of the Clayton
Act, 15 U.S.C. § 25, and Section 4 of the Sherman Act, 15
U.S.C. § 4, to issue the requested preliminary relief.

This Emergency Motion is supported by a concurrently filed
Complaint – Request for Declarative and Injunctive Relief,
Notice of Motion for Leave to Request to File an Emergency
Motion, Plaintiff's proposed Preliminary Injunction, supporting
declarations, and exhibits.

**WHEREFORE**, it is respectfully prays that that Defendants and all
persons acting on their behalf be enjoined to a preliminary
injunction to freeze Defendants' public and private assets.

Respectfully submitted,

Co-Plaintiff, _anthony smith (Nov 22, 2022 11:36 EST)_____
Anthony Smith, without recourse           .

Co-Plaintiff, _Alan Sacks_____
              Alan Sacks (Nov 22, 2022 11:45 EST)
Alan Sacks, without recourse              .

Co-Plaintiff, _James welch_____
              James welch (Nov 22, 2022 11:40 EST)
James Welch, without recourse             .

**Notary Jurat**

```
STATE OF NEW JERSEY     )
                        ) ss
COUNTY OF ATLANTIC      )
```

On this <u>22</u> day of <u> November </u>, 20<u> 22 </u>, before me, the undersigned Notary Public in and for the State of New Jersey, that Anthony Smith appeared, personally known to me or proved to me on the basis of satisfactory evidence, to be the person whose signature appears in the within instrument and acknowledged to me that he executed it.

Witness my hand and official seal:


*Sheyla Oliveira*

/s/_____
     NOTARY PUBLIC
     This notarization involved the use
     of communication technology.

```
┌─────────────────────────────────────┐
│         SHEYLA P OLIVEIRA            │
│   Notary Public, State of New Jersey │
│   My Commission Expires Oct 15, 2025 │
└─────────────────────────────────────┘
```

**Notary Jurat**

STATE OF NEW JERSEY      )
                         ) ss
COUNTY OF ATLANTIC       )

On this 22 day of _November_ , 20 22 , before me, the undersigned
Notary Public in and for the State of New Jersey, that Alan
Sacks appeared, personally known to me or proved to me on the
basis of satisfactory evidence, to be the person whose signature
appears in the within instrument and acknowledged to me that he
executed it.


Witness my hand and official seal:

/s/ _Sheyla Oliveira_ _____
    NOTARY PUBLIC
    This notarization involved the use
    of communication technology.

```
SHEYLA P OLIVEIRA
Notary Public, State of New Jersey
My Commission Expires Oct 15, 2025
```

### Notary Jurat

```
STATE OF NEE JERSEY    )
                       ) ss
COUNTY OF ATLANTIC     )
```

On this 22 day of _November_ , 20 22 , before me, the
undersigned Notary Public in and for the State of New Jersey,
that James Welch appeared, personally known to me or proved to
me on the basis of satisfactory evidence, to be the person whose
signature appears in the within instrument and acknowledged to
me that he executed it.

Witness my hand and official seal:

/s/_____
    NOTARY PUBLIC
    This notarization involved the use
    of communication technology.

```
┌─────────────────────────────────────┐
│         SHEYLA P OLIVEIRA            │
│   Notary Public, State of New Jersey │
│  My Commission Expires Oct 15, 2025  │
└─────────────────────────────────────┘
```

Anthony Smith , SUI JURIS
c/o 39 Tall Timber Road
Middletown, New Jersey Republic
[No IRS zone number (ZIP) code]
[NOT IN ANY FEDERAL ENCLAVE]

# United States District Court, Southern District of New York

| | |
|---|---|
| Anthony Smith,<br>James Welch, and<br>Alan Sacks<br>　　　　　Plaintiffs,<br><br>vs.<br><br>Thomas Vella,<br>Wesley Zlotoff,<br>Dominic Riccobono, and<br>Jack Thomas Riccobono<br>　　　　　Defendants, | Case #:<br><br>ORDER GRANTING PLAINTIFFS'<br>MOTION FOR LEAVE TO FILE AN<br>EMERGENCY MOTION FOR<br>PRELIMINARY INJUNCTION AND<br>OTHER EQUITABLE RELIEF |

AND NOW, on this     day of             , 2022, upon
consideration of Plaintiffs' Motion for Leave to File an
Emergency Motion for Preliminary Injunction and Other Equitable
Relief, it is hereby ORDERED that Plaintiffs' Motion is GRANTED.

BY THE COURT

District Court Judge

# Eastern Industries Criminal Complaint 1OCT22

**Final Audit Report**                                                      2022-11-22

| | |
|---|---|
| Created: | 2022-11-22 |
| By: | Sheyla Oliveira (sheyla@onlinenotarynj.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAQqWeHI59VoeeO73mCc6o7GPd0DDcH7uG |

## "Eastern Industries Criminal Complaint 1OCT22" History

📄 Document created by Sheyla Oliveira (sheyla@onlinenotarynj.com)
2022-11-22 - 4:15:33 PM GMT- IP address: 50.203.245.250

📧 Document emailed to cub024@yahoo.com for signature
2022-11-22 - 4:18:52 PM GMT

📄 Email viewed by cub024@yahoo.com
2022-11-22 - 4:26:24 PM GMT- IP address: 69.147.93.14

🖊️ Signer cub024@yahoo.com entered name at signing as anthony smith
2022-11-22 - 4:36:31 PM GMT- IP address: 174.206.231.32

🖊️ Document e-signed by anthony smith (cub024@yahoo.com)
Signature Date: 2022-11-22 - 4:36:33 PM GMT - Time Source: server- IP address: 174.206.231.32

📧 Document emailed to jim@dreadfullykind.com for signature
2022-11-22 - 4:36:35 PM GMT

📄 Email viewed by jim@dreadfullykind.com
2022-11-22 - 4:37:10 PM GMT- IP address: 74.125.210.131

🖊️ Signer jim@dreadfullykind.com entered name at signing as James welch
2022-11-22 - 4:40:54 PM GMT- IP address: 173.56.225.76

🖊️ Document e-signed by James welch (jim@dreadfullykind.com)
Signature Date: 2022-11-22 - 4:40:56 PM GMT - Time Source: server- IP address: 173.56.225.76

📧 Document emailed to alansacks@aol.com for signature
2022-11-22 - 4:40:57 PM GMT

📄 Email viewed by alansacks@aol.com
2022-11-22 - 4:43:36 PM GMT- IP address: 69.147.94.142


Adobe Acrobat Sign

Signer alansacks@aol.com entered name at signing as Alan Sacks
2022-11-22 - 4:45:46 PM GMT- IP address: 172.58.238.213

Document e-signed by Alan Sacks (alansacks@aol.com)
Signature Date: 2022-11-22 - 4:45:48 PM GMT - Time Source: server- IP address: 172.58.238.213

Agreement completed.
2022-11-22 - 4:45:48 PM GMT

# LIST OF EXHIBITS

Enclosed are exhibits to the attached case. Each indexed page has an associated cover bound to it.

**Contents:**

| # Pages | Document Reference # | Title of Document |
|---------|---------------------|-------------------|
| 1 | | This cover page |
| 4 | Exhibit A | Proof of Delivery of Commercial Affidavit |
| 19 | Exhibit B | Commercial Affidavit and Certificate of Non-Response |
| 5 | Exhibit C | Proof of Delivery of Notice of Default |
| 10 | Exhibit D | Notice of Default and Certificate of Non-Response |
| 7 | Exhibit E | Proof of Delivery of Notice and Demand |
| 37 | Exhibit F | Notice and Demand |
| 7 | Exhibit G | Joint Venture Report as assessed and recorded by Plaintiffs |
| 3 | Exhibit H | Proposed Amendment to original contract |
| 3 | Exhibit I | Letter from Warner Angle Hallam Jackson & Formanek |
| 14 | Exhibit J | Full accounting of expenses incurred and costs invested into the 2020 harvest |

Sub cover for:

# EXHIBIT A

This is an extension to SPECIAL APPEARANCE FEDERAL DEFAULT

## Proof of Delivery of Commercial Affidavit

This cover sheet appears as the first page of four (4) of the evidence within

**DO NOT DETACH**

# USPS Tracking®

FAQs >

Track Another Package  **+**

**Tracking Number:** 70192280000219627604                          Remove ✕

Your package will arrive later than expected, but is still on its way. It is currently in transit to the next facility.

**USPS Tracking Plus® Available** ⌄

## In Transit, Arriving Late

August 24, 2022

**Get Updates** ⌄

See More ⌄

Feedback

**Tracking Number:** 70192280000219627611                          Remove ✕

Your item was delivered to an individual at the address at 2:30 pm on August 18, 2022 in SCOTTSDALE, AZ 85258.

**USPS Tracking Plus® Available** ⌄

## ⊘ Delivered, Left with Individual

August 18, 2022 at 2:30 pm
SCOTTSDALE, AZ 85258

**Get Updates** ⌄

See More ⌄

**Tracking Number:** 70192280000219627628        Remove ✕

Your package will arrive later than expected, but is still on its way. It is currently in transit to the next facility.

**USPS Tracking Plus®️ Available** ⌄

## In Transit, Arriving Late

August 22, 2022

**Get Updates** ⌄

See More ⌄

**Tracking Number:** 70192280000219627635        Remove ✕

Your item was delivered to an individual at the address at 12:41 pm on August 18, 2022 in QUEEN CREEK, AZ 85142.

**USPS Tracking Plus®️ Available** ⌄

## ✓ Delivered, Left with Individual

August 18, 2022 at 12:41 pm
QUEEN CREEK, AZ 85142

**Get Updates** ⌄

See More ⌄

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

Sub cover for:
# EXHIBIT B
This is an extension to SPECIAL APPEARANCE FEDERAL DEFAULT

## Commercial Affidavit and Certificate of Non-Response

This cover sheet appears as the first page of nineteen (19) of the evidence within

**DO NOT DETACH**

# CERTIFICATION OF SERVICE

**STATE OF NEW JERSEY** |
**SUBSCRIBED AND AFFIRMED** |
**COUNTY OF ESSEX** |

I,   Wesley-Keith: Mullings   , the undersigned mailer/server, being of sound mind and under no duress, do hereby certify, attest and affirm that the following facts are true and correct, to wit:

1. That, on  August 11 , 20 22 , that, on behalf of Anthony Smith, James Welch, and Alan Sacks   Wesley-Keith: Mullings   , a human being, the undersigned personally deposited the following documents listed below inside the envelope, sealed them and transmitted them via the carrier indicated below, to wit:

|   | **Document Description** | **# pages** |
|---|---|---|
| 1. | Commercial Affidavit | 7 |
| 2. | Certificate of Non-Response | 3 |
| 3. | Proof of Delivery of Certified Mail #: 7019 2280 0002 1962 6966 | 2 |
| 4. | Proof of Delivery of Certified Mail #: 7019 2280 0002 1962 6997 | 2 |

2. That I personally mailed said one (1) full set of the above described documents in the manner and with the tracking information as indicated, in like manner to Rule 4:4-3 and Rule 4:4-4, this being original process, to each recipient below:

| *CERTIFIED MAIL* . | *CERTIFIED MAIL* . |
|---|---|
| 7019 2280 0002 1962 7604 | 7019 2280 0002 1962 7628 |
| Thomas Vella | Dominic Riccobono |
| 6835 E. Camelback Rd, Unit 8003 | 11637 E Cochise Dr |
| Scottsdale, AZ 85251– 3159 | Scottsdale, AZ 85259-4943 |

| **Via First Class Mail** | **Via First Class Mail** |
|---|---|
| Thomas Vella | Dominic Riccobono |
| 6835 E. Camelback Rd, Unit 8003 | 11637 E Cochise Dr |
| Scottsdale, AZ 85251– 3159 | Scottsdale, AZ 85259-4943 |

| *CERTIFIED MAIL* . | *CERTIFIED MAIL* . |
|---|---|
| 7019 2280 0002 1962 7611 | 7019 2280 0002 1962 7635 |
| Wesley Zlotoff | Jack Thomas Riccobono |
| 8337 E. San Ramon Dr | 20104 E. Melissa Pl |
| Scottsdale, AZ 85258-1813 | Queen Creek, AZ 85142-5411 |

| **Via First Class Mail** | **Via First Class Mail** |
|---|---|
| Wesley Zlotoff | Jack Thomas Riccobono |
| 8337 E. San Ramon Dr | 20104 E. Melissa Pl |
| Scottsdale, AZ 85258-1813 | Queen Creek, AZ 85142-5411 |

3. That I am at least 18 years of age;

4. That I am not related to __Anthony Smith, James Welch, and Alan Sacks__ by blood, marriage, adoption, or employment, but serve as a "disinterested third party" (herein "Server"); and further,

5. That I am in no way connected to, or involved in or with, the person and/or matter at issue in this instant action.

I now affix my signature to these affirmations.

Mailer/Server,  *By: Wesley Keith*
Wesley-Keith: Mullings (Aug 11, 2022 15:55 EDT)

(signature) without recourse

_____ Wesley-Keith: Mullings _____.

## NOTARY JURAT

Subscribed and sworn to (or affirmed) before me on this **11th** day of **August**, **2022**,

By Wesley-Keith: Mullings , proved to me on the basis of satisfactory evidence to be the One who appeared before me.

WITNESS my hand and official seal.

SHEYLA P OLIVEIRA
Notary Public, State of New Jersey
My Commission Expires Oct 15, 2025

*Sheyla Oliveira*
_____     SEAL
Notary Public

My Commission Expires On:

Anthony Smith
James Welch
Alan Sacks
c/o 39 Tall Timber Rd
Middletown, Non-domestic
New Jersey, Republic

## COMMERCIAL AFFIDAVIT

## AFFIDAVIT OF NOTICE, DECLARATION, AND DEMAND

## FAIR NOTICE AND WARNING OF COMMERCIAL GRACE

## NOTICE OF NON-JUDICIAL PROCEEDING

## THIS IS A U.S. S.E.C. TRACER FLAG, NOT A POINT OF LAW

---

## A SECURITY (15 USC)
## COMMERCIAL AFFIDAVIT
## U.S. S.E.C. TRACER FLAG
## NOT A POINT OF LAW

---

READ attached APPENDIX A

STATE OF New Jersey        )
                           ) ss:
COUNTY OF ESSEX            )

TO: JACK THOMAS RICCOBONO, WESLEY ZLOTOFF, DOMINIC RICCOBONO, and THOMAS VELLA

| CERTIFIED MAIL . | CERTIFIED MAIL . |
|---|---|
| 7019 2280 0002 1962 7604 | 7019 2280 0002 1962 7611 |

Thomas Vella
6835 E. Camelback Rd, Unit 8003
Scottsdale, AZ 85251– 3159

Wesley Zlotoff
8337 E. San Ramon Dr
Scottsdale, AZ 85258-1813

**Via First Class Mail**

Thomas Vella
6835 E. Camelback Rd, Unit 8003
Scottsdale, AZ 85251– 3159

**Via First Class Mail**

Wesley Zlotoff
8337 E. San Ramon Dr
Scottsdale, AZ 85258-1813

**CERTIFIED MAIL** .
7019 2280 0002 1962 7628
Dominic Riccobono
11637 E Cochise Dr
Scottsdale, AZ 85259-4943

**CERTIFIED MAIL** .
7019 2280 0002 1962 7635
Jack Thomas Riccobono
20104 E. Melissa Pl
Queen Creek, AZ 85142-5411

**Via First Class Mail**
Dominic Riccobono
11637 E Cochise Dr
Scottsdale, AZ 85259-4943

**Via First Class Mail**
Jack Thomas Riccobono
20104 E. Melissa Pl
Queen Creek, AZ 85142-5411

This action is taken in accordance with the New Jersey Revised Statutes § 2A:168-37, New Jersey Revised Statutes §§ 2A:15-5.9 through 5.17 which states:

PENALTY: NJSA 45:18-5 – Any person, member of a partnership or officer of an association or corporation who fails to comply with any of the provisions of this chapter shall be subject to a fine of not more than five hundred dollars or to imprisonment for not more than three months, or both.

SHORT TITLE: NJSA 2A:15-5.9 – 1. This act shall be known and may be cited as the "Punitive Damages Act."

Definitions Relative To Punitive Damages Awards: NJSA 2A:15-5.10 – 2. As used in this act:

"Actual malice" means an intentional wrongdoing in the sense of an evil-minded act.

"Clear and convincing evidence" means that standard of evidence which leaves no serious or substantial doubt about the correctness of the conclusions drawn from the evidence. It is a standard which requires more than a preponderence of evidence, but less than beyond a reasonable doubt, to draw a conclusion.

"Compensatory damages" means damages intended to make good the loss of an injured party, and no more. The term includes general and special damages and does not include nominal, exemplary or punitive damages.

"Defendant" means any party against whom punitive damages are sought.

"Nominal damages" are damages that are not designed to compensate a plaintiff and are less than $500.

"Plaintiff" means any party claiming punitive damages.

"Punitive damages" includes exemplary damages and means damages awarded against a party in a civil action because of aggravating circumstances in order to penalize and to provide additional deterrence against a defendant to discourage similar conduct in the future. Punitive damages do not include compensatory damages or nominal damages.

"Wanton and willful disregard" means a deliberate act or omission with knowledge of a high degree of probability of harm to another and reckless indifference to the consequences of such act or omission.

Punitive Damages Requested In Complaint: NJSA 2A:15-5.11 – 3. An award of punitive damages must be specifically prayed for in the complaint.

Award Of Punitive Damages; Determination: NJSA 2A:15-5.12 – 4.a. Punitive damages may be awarded to the plaintiff only if the plaintiff proves, by clear and convincing evidence, that the harm suffered was the result of the defendant's acts or omissions, and such acts or omissions were actuated by actual malice or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by those acts or omissions. This burden of proof may not be satisfied by proof of any degree of negligence including gross negligence.

b. In determining whether punitive damages are to be awarded, the trier of fact shall consider all relevant evidence, including but not limited to, the following:

(1) The likelihood, at the relevant time, that serious harm would arise from the defendant's conduct;

(2) The defendant's awareness of reckless disregard of the likelihood that the serious harm at issue would arise from the defendant's conduct;

(3) The conduct of the defendant upon learning that its initial conduct would likely cause harm; and

(4) The duration of the conduct or any concealment of it by the defendant.

c. If the trier of fact determines that punitive damages should be awarded, the trier of fact shall then determine the amount of those damages. In making that determination, the trier of fact shall consider all relevant evidence, including, but not limited to, the following:

(1) All relevant evidence relating to the factors set forth in subsection b. of this section;

(2) The profitability of the misconduct to the defendant;

(3) When the misconduct was terminated; and

(4) The financial condition of the defendant.

Bifurcated Trial At Defendant's Request: NJSA 2A:15-5.13 – 5. a. Any actions involving punitive damages shall, if requested by any defendant, be conducted in a bifurcated trial.

b. In the first stage of a bifurcated trial, the trier of fact shall determine liability for compensatory damages and the amount of compensatory damages or nominal damages. Evidence relevant only to the issues of punitive damages shall not be admissible in this stage.

c. Punitive damages may be awarded only if compensatory damages have been awarded in the first stage of the trial. An award of nominal damages cannot support an award of punitive damages.

d. In the second stage of a bifurcated trial, the trier of fact shall determine if a defendant is liable for punitive damages.

e. In any action in which there are two or more defendants, an award of punitive damages must be specific as to a defendant, and each defendant is liable only for the amount of the award made against that defendant.

Determination Of Award; Limitations; Exceptions: NJSA 2A:15-5.14 – 6. a. Before entering judgment for an award of punitive damages, the trial judge shall ascertain that the award is reasonable in its amount and justified in the circumstances of the case, in light of the purpose to punish the defendant and to deter that defendant from repeating such conduct. If necessary to satisfy the requirements of this section, the judge may reduce the amount of or eliminate the award of punitive damages.

b.No defendant shall be liable for punitive damages in any action in an amount in excess of five times the liability of that defendant for compensatory damages or $350,000, whichever is greater.

c.The provisions of subsection b. of this section shall not apply to causes of action brought pursuant to P.L.1993, c.137 (C.2A:53A-21 et seq.), P.L.1945, c.169 (C.10:5-1 et seq.), P.L.1989, c.303 (C.26:5C-5 et seq.), P.L.1992, c.109 (C.2A:61B-1) or P.L.1986, c.105, (C.34:19-1 et seq.), or in cases in which a defendant has been convicted pursuant to N.J.S.2C:11-3, N.J.S.2C:11-4, R.S.39:4-50 or section 2 of P.L.1981, c.512 (C.39:4-50.4a) or the equivalent under the laws of any other jurisdiction.

Claims Under Existing Law: NJSA 2A:15-5.15 – 7. Nothing contained in this act is to be construed as creating any claim for punitive damages which is not now available under the law of this State.

Jury Not Informed Of Cap: NJSA 2A:15-5.16 – 9. The jury shall not be informed of the cap on punitive damages established by section 6 of this act.

Record Referred For Criminal Investigation: NJSA 2A:15-5.17 – 10. Upon the conclusion of any action in which punitive damages have been awarded, the court shall refer the record of that action to the prosecutor of the county in which the case was tried and to the Attorney General for investigation as to whether a criminal act has been committed by the defendant.

We, Anthony Smith, James Welch, and Alan Sacks, the Undersigned, do solemnly swear, declare, and depose:

1.  THAT we are competent to state to the matters set forth herein.

2.  THAT we have personal knowledge of the facts stated herein.

3.  THAT all the facts stated herein are true, correct, and certain, admissible as evidence, and if called upon as a witness, we will testify to their veracity.

4.  THAT the eternal, unchanged principles of Commercial Law are:

    a)  A workman is worthy of his hire. (thou shalt not steal)

    b)  All are equal under the law. (no one is above the law)

    c)  In Commerce, truth is sovereign. (thou shalt not bear false witness)

d)   Truth is expressed in the form of an affidavit.

e)   An unrebutted affidavit stands as truth in Commerce.

f)   An unrebutted affidavit becomes the judgment in Commerce.

g)   All matters must be expressed to be resolved.

h)   He who leaves the battlefield first loses by default.

i)   Sacrifice is the measure of credibility (no willingness to sacrifice = no liability, responsibility, authority or measure of conviction)

j)   A lien or claim can be satisfied only through an affidavit by a point-for-point rebuttal, resolution by jury or payment.

5.   THAT Commercial processes (including this Affidavit and the required responses to it) ARE NON-JUDICIAL and pre-judicial because:

a)   No judge, court, government or any agencies thereof, or any other third parties whatsoever, can abrogate anyone's affidavit of truth; and

b)   Only a party affected by an affidavit can speak and act for himself and is solely responsible for responding with his own affidavit of truth, which no one else can do for him.

6.   THAT the lawful seizure, collection, and transfer of ownership of money or property must be effected by a valid Commercial Lien which must contain certain elements in order to be Commercially valid, to wit:

a)   The lien instrument must obviously, patently, and evidently be a LIEN by being clearly and explicitly titled "LIEN," "CLAIM OF LIEN," or "DECLARATION OF LIEN," and mandatorily, by its exhaustive Commercial content (full disclosure) as follows in b), c) and d);

b)   The lien instrument MUST CONTAIN a notarized hand-signed affidavit, for which the issuer is commercially liable, containing a plain statement of fact disclosing how the obligation of the lien was created, attesting that the commercial condition is true, correct, and certain;

c)   The lien instrument MUST CONTAIN a ledger or bookkeeping statement connecting purchases, services rendered, and/or injuries sustained, with a claim of obligation such that each purchase, service, and/or injury is presented in a one-to-one correspondence with its partial claim of obligation. The partial obligations are then totalled to obtain the total obligation. This is called a "True Bill in Commerce."

d) The lien instrument MUST CONTAIN a statement, either specific or general, of the property being seized from the lien debtor to satisfy, or to guarantee satisfaction of, the obligation of the lien.

e) A NOTICE OF LIEN to be valid MUST CONTAIN a clear statement as to where the lien is filed, where it can be found and how a copy can be obtained.

7. THAT we are not the creation or chattel property of any person or any government agency whatsoever. we are not under any obligation whatsoever to any governmental agency, state or federal, or any of their self-passed laws, statutes, regulations or policies.

8. THAT any and all of the various papers, documents, adhesion contracts, or "agreements" we may have signed with any government agency or entity or any others that might be construed to indicate a conclusion contrary to our herein-below assertions were made, signed by me on the basis of mistake due to lack of full disclosure creating a deliberate lack of full knowledge, a deliberate action of fraud, non-disclosure, concealment of material fact, and misrepresentation. Such action thereby creates a stressful situation of duress and intimidation, vitiating all documents by such action of fraud.

9. THAT it is the sincerest belief, religious and spiritual conviction of this Affiant that slavery and peonage are immoral, are violations of the First Precept of Commercial Law (a workman is worthy of his hire, "Thou shalt not steal"), that fraud, misrepresentation, nondisclosure, intimidation, deceit, concealment of material fact, lying, and treachery are morally wrong.

10. THAT we have absolutely no desire whatsoever to be a "client" (slave) of any governmental agency, state or federal, or any of their Principals, or the "United States," or to incur any debts or obligations to said entities for whatever "benefits" said entities might purpose to provide or seek to provide to this Affiant, or be directed by, subject to, or accountable to any parties other than our own conscience and best judgment for the purpose of preserving inviolate our unalienable/inalienable rights to life, liberty, freedom and property while engaging in the honorable, productive, and non-harmful activities of our life.

11. THAT we, Anthony Smith, James Welch, and Alan Sacks, are the sole and absolute owner of ourself, our body, and our estate, and possess unconditional, allodial, sovereign title thereto, and that we abjure, renounce, forsake, and disavow utterly and absolutely now and forever all presumptions of power, authority, or right by any governmental agency, its Principals, over the rights, life, liberty, freedom or property of this Affiant from whatever source presumed or derived.

12. THAT NO COMMERCIAL PAPERWORK or COMMERCIAL AFFIDAVITS have been furnished or supplied to me, Anthony Smith, James Welch, and Alan Sacks, by Jack Thomas Riccobono, Wesley Zlotoff, Thomas Vella, and Dominic Riccobono or any others that created the so-called liability.

13. THAT we, Anthony Smith, James Welch, and Alan Sacks, the Undersigned, herewith and herein demand of ALL PARTIES involved in anyway in this so-called cause of action, who attempt or continue to proceed against me or our properties in the instant cause of action in any way, furnish answers to the following:

a) Where is the real and true Commercial Paperwork bearing on this instant matter that made me liable?

b) Where are the real, true, proper and lawful assessments bearing on this instant matter that we are said to be liable?

c) Where is the itemized statement, ledger and accounting for services rendered with respect to this instant matter?

d) What or who are the Parties engaging in fair business practices in the instant matter?

e) Where is the full disclosure bearing on all matters pertaining to this instant matter?

f) Where is the clean hands?

g) Where is the good faith action?

h) Where are the truth, mercy, grace, and all similar just and virtuous qualities and proceedings based on them that are supposed to inhere in commerce and the Uniform Commercial Code?

14. THAT all parties who act against this Affiant on their alleged basis must produce the Commercial Affidavits of TRUTH, sworn by the claimants to be "true, correct, and complete (certain)," which prove the origin and foundation of their claims and include providing the contract(s) or agreement(s) with the signature of this Affiant thereon wherein this Affiant has knowingly, intentionally, and voluntarily, in full legal and lawful capacity, agreed to waive or surrender rights to the IRS, its Principals, or the "United States," or agreed to become subject to or the slave or property of said entities in any way or in any jurisdiction whatsoever.

15. In order for a crime to exist, four elements must exist; there must be a defined crime, there must be a victim, that the victim must have been damaged, and the intent must be established on the part of the accused. Without proof of all four elements, no crime can said to have been committed. In this Affidavit, crimes are defined, the Affiant is the victim, this Affidavit verifies the damages, and the intent is established at the end of the thirty (30) day grace period, if the respondents fail to rebut (respond to) the wrongs they have been a party to as noted herein.

16. NOTICE is hereby given, and demands made, on all Claimants -- Jack Thomas Riccobono, Wesley Zlotoff, Thomas Vella, and Dominic Riccobono, and any other involved Parties, that:

a) ALL properties taken unlawfully, removed in violation of commerce, or otherwise converted, sold, or seized by Jack Thomas Riccobono, Wesley Zlotoff, Thomas Vella, and Dominic Riccobono, or other Parties in collusion therewith, be immediately returned IN FULL VALUE ($  ) PLUS 10% to Anthony Smith, James Welch, and Alan Sacks, the Undersigned Affiant, justly possessing the lawful and legal title thereto; OR

b) All Parties who proceed to act or assist in said actions, against this Affiant, Anthony Smith, James Welch, and Alan Sacks, without thorough, verifiable, point-by-point rebuttal of each and every point set forth in this Affidavit shall be immediately charged with criminal fraud,

theft, conspiracy of extortion, theft and fraud, and commercial liens shall be placed against all their real and personal properties (defined crimes: California Penal Code Section 182 criminal conspiracy, 211 robbery, United States Criminal Code Title 18 Section 4 misprision of felony, 241 conspiracy against the rights of citizens, 872 extortion, 1001 fraud and false statements, and other such crimes as are related to issues of RACKETEERING 18 USC 1961, plus such Constitutional violations not listed in the Criminal Codes combined and described simply as TREASON); and

    c) All court costs and legal fees relating to this instant case shall be paid by those who have drawn the undersigned Affiant Anthony Smith, James Welch, and Alan Sacks into this instant matter; AND

17. THAT failure to respond as herein required to this Affiant, within the herein a prescribed time of thirty (30) days will be deemed by this Affiant to invoke the doctrine of acquiescence and admission, to recover, in commerce, the lost or damaged properties plus damages, penalties and costs. (California Civil Code § 3281)

18. THAT in light of the foregoing declarations, all alleged contracts and agreements between this Affiant, Anthony Smith, James Welch, and Alan Sacks, and the IRS, its Principals, or the "United States" are unconscionable and baseless. we herein, hereby and herewith revoke, disavow, and renounce our signatures on any and all documents, instruments, or forms we may have ever signed with the IRS, its Principals, or the "United States," or any other parties or entities whatsoever that might purport to have furnished any contractual agreement or nexus between ourself and the IRS, its Principals, or the "United States."

19. THAT this Commercial Affidavit, Notice and Warning of Commercial Grace, is the ONE AND ONLY such Notice and Warning. If all IRS "assessments" and collection actions against me on their basis are not abated within thirty (30) days, or if at any time in the future any IRS "assessments" and collection actions based thereon are reinstituted against me, it shall be considered a willful disregard for this Notice and Warning, and such shall engender the immediate filing of Criminal Complaints (Affidavits of Information) and Commercial Liens (Affidavits of Obligation) against all parties involved.

20. THAT the foundation of Commercial Law, being based on certain eternally just, valid, and moral precepts, has remained unchanged for at least six (6) millennia. Said Commercial Law forms the underpinnings of Western Civilization if not all Nations, Law, and Commerce in the world, is NON-JUDICIAL, and is prior and superior to, the basis of, and cannot be set aside or overruled by, the laws and statutes of any governments, legislatures, quasi-governmental agencies, or courts. It is therefore an inherent obligation on all Authorities, Officials, Governments, Legislatures, Governmental or Quasi-governmental Agencies, Courts, Judges, Attorneys, and all aspects and Agents of all Law Enforcement Agencies to uphold said Commercial Law, without which said entities are violating the just basis of their alleged authority and serving to disintegrate the society they allegedly exist to protect.

## CONTRACT OF LIABILITY FOR ALLEGATIONS

21. THAT if the Undersigned failed to rebut such claims or charges, the Respondent would immediately declare a default against the Undersigned and proceed to collect on the claims

made as being in agreement with said claims or charges. The Respondents having made the claim or charge against the Undersigned, thereby creating an implied contract, the Undersigned having rebutted said claim or charge demanding proof of said implied contract, a true binding contract was thereby created.

22. THAT the Respondents' attacks on the commercial or private liability of the Undersigned Affiant, and this Affidavit or response/rebuttal to said claims or charges, created the mutually voluntary, consensual, commercial, private contract by and between the Undersigned and Respondents. Failure of Respondents to prove their claims or charges against the Undersigned within thirty (30) days (or in the alternative cease all collection or enforcement actions against the Undersigned) shall constitute deliberate criminal actions and willful breach of and default on a bilateral contract (Affidavit of Agreement) formed knowingly, intentionally, and voluntarily by and between the Undersigned and the Respondents.

23. THAT we, Anthony Smith, James Welch, and Alan Sacks, the Undersigned Affiant, depose and certify that we have written the foregoing with intent and understanding of purpose, and believe the statements, allegations, demands and contents herein to be true, correct, and complete, commercially reasonable, and just, to the best of our knowledge and belief.

**NOTICE TO PRINCIPALS IS NOTICE TO AGENTS.**
**NOTICE TO AGENTS IS NOTICE TO PRINCIPALS.**
**EXODUS 20:15, 16.**

FURTHER AFFIANT SAITH NOT.

Testified this 11th day of August 2022

/s/ anthony smith (Aug 11, 2022 16:11 EDT)
Anthony Smith, SUI JURIS

Testified this 11th day of August 2022

/s/ James welch (Aug 11, 2022 16:02 EDT)
James Welch, SUI JURIS

Testified this 11th day of August 2022

/s/ Alan Sacks (Aug 11, 2022 16:09 EDT)
Alan Sacks, SUI JURIS

WITNESS my hand this 11th day of August 2022

/s/ Wesley-Keith Mullings (Aug 11, 2022 15:55 EDT)
Wesley-Keith: Mullings, SUI JURIS

**Teste Meipso**

STATE OF New Jersey  )
                     ) ss
COUNTY OF UNION  )

On this <u>11th day of August 2022</u>, before me, the undersigned Notary Public in and for the State of New Jersey, that _Anthony Smith, James Welch, and Alan Sacks_ appeared, personally known to me or proved to me on the basis of satisfactory evidence, to be the person whose signature appears in the within instrument and acknowledged to me that he executed it.

I have recorded the notarial act and it will be stored at Amazon S3 for a period of 10 years following this date pursuant to P.L. 2021, c. 179.

Witness our hand and official seal:

/s/_____

NOTARY PUBLIC

our Commission expires _____

Seal:

SHEYLA P OLIVEIRA
Notary Public, State of New Jersey
My Commission Expires Oct 15, 2025

## CERTIFICATE OF NON-RESPONSE
### And Failure to Contest Affidavit

Re: Non-Response to Notice of Default

| | |
|---|---|
| New Jersey STATE | ) |
| | ) scilicet: |
| County of ESSEX | ) |

"Indeed, no more than (affidavits) is necessary to make the prima facie case." See: **United States v. Kis, 658 F.2nd, 526, 536 (7th Cir. 1981); Cert Denied, 50 U.S. L.W. 2169; S. Ct. March 22, 1982**

I,  Wesley-Keith: Mullings  , the undersigned mailer/server, being of sound mind and under no duress, do hereby certify, attest and affirm that the following facts are true and correct, to wit:

1.      That, on  April 17  , 20  22  , that, on behalf of Anthony Smith, James Welch, and Alan Sacks,  Wesley-Keith: Mullings  , a human being, the undersigned personally mailed one (1) full set of the following described documents in the manner and with the tracking information as indicated, via the carrier indicated below, in like manner to Rule 4:4-3 and Rule 4:4-4, this being original process, to each recipient below:

| CERTIFIED MAIL | CERTIFIED MAIL |
|---|---|
| 7019 2280 0002 1962 6966 | 7019 2280 0002 1962 6973 |
| Thomas Vella | Dominic Riccobono |
| 6835 E. Camelback Rd, Unit 8003 | 11637 E Cochise Dr |
| Scottsdale, AZ 85251– 3159 | Scottsdale, AZ 85259-4943 |

| CERTIFIED MAIL | CERTIFIED MAIL |
|---|---|
| 7019 2280 0002 1962 6980 | 7019 2280 0002 1962 6997 |
| Wesley Zlotoff | Jack Thomas Riccobono |
| 8337 E. San Ramon Dr | 20104 E. Melissa Pl |
| Scottsdale, AZ 85258-1813 | Queen Creek, AZ 85142-5411 |

1.a.    The following documents listed below were included inside each envelope, sealed, and transmitted, to wit:

| Document Description | # pages |
|---|---|
| • Certificate of Mailing | 2 |
| • Notice of Default | 1 |
| • Certificate of Non-Response | 3 |
| • Proof of delivery of Certified Mail # 7019 2280 0002 1962 6645 | 2 |
| • Proof of delivery of Certified Mail # 7019 2280 0002 1962 6621 | 2 |
| • Proof of delivery of Certified Mail # 7019 2280 0002 1962 6638 | 2 |
| • Proof of delivery of Priority Express Mail # EJ 582 125 312 US | 2 |

2.     That I used an address under my own control, and not readily accessible to Anthony Smith, James Welch, and Alan Sacks as the return address for the recipient listed above to respond to in connection with the above listed documents, to wit:

> CreditLife Plus
> ATTN: Wesley-Keith: Mullings
> 375 Chestnut Street, #3A
> Newark, NJ 07105

3.     That each recipient received their targeted parcel at the following schedule:

| Tracking number | Delivery Date & Time |
|---|---|
| CERTIFIED MAIL . 7019 2280 0002 1962 6966 | April 20, 2022 @ 10:39am |
| CERTIFIED MAIL . 7019 2280 0002 1962 6980 **resent via First Class Mail** | Unclaimed/Returned Expected May 17, 2022 |
| CERTIFIED MAIL . 7019 2280 0002 1962 6973 **resent via First Class Mail** | Unclaimed/Returned Expected May 17, 2022 |
| CERTIFIED MAIL . 7019 2280 0002 1962 6997 | April 20, 2022 @ 11:32am |

4.     That I am at least 18 years of age;

5.     That I am not related to  Anthony Smith, James Welch, and Alan Sacks  by blood, marriage, adoption, or employment, but serve as a "disinterested third party" (herein "Server"); and further,

6.     That I am in no way connected to, or involved in or with, the person and/or matter at issue in this instant action.

Said RESPONSE was requested within a specific time period with an additional 3 days for return mail.

THEREFORE; I certify that  Jack Thomas Riccobono, Wesley Zlotoff, Thomas Vella, and Dominic Riccobono  , refused or failed to RESPOND to the above party's Notice of Default. Presumption is made that  Jack Thomas Riccobono, Wesley Zlotoff, Thomas Vella, and Dominic Riccobono  , are in full acceptance and in full agreement to all matters therein as stipulated in favor of  Anthony Smith, James Welch, and Alan Sacks  , the Affiant/Secured Party/Creditor.

Dated this  11th  day of  August  , 20 22

Wesley-Keith: Mullings (Aug 11, 2022 15:55 EDT)
_____
Wesley-Keith: Mullings, Third Party
375 Chestnut Street, #3A

Newark, NJ 07105

**Notary Jurat**

STATE OF New Jersey  )
                             ) ss
COUNTY OF Essex     )

On this 11th day of August , 2022, before me, the undersigned Notary Public in and for the State of New Jersey, that  _Anthony Smith, James Welch, and Alan Sacks_  appeared, personally known to me or proved to me on the basis of satisfactory evidence, to be the person whose signature appears in the within instrument and acknowledged to me that he executed it.

I have recorded the notarial act and it will be stored at Amazon S3 for a period of 10 years following this date pursuant to P.L. 2021, c. 179.

Witness our hand and official seal:

/s/ *Sheyla Oliveira*
_____
NOTARY PUBLIC

SHEYLA P OLIVEIRA
Notary Public, State of New Jersey
My Commission Expires Oct 15, 2025

Seal:

our Commission expires _____

# Eastern Industries Commercial Affidavit 11JUL22

Final Audit Report                                                    2022-08-11

| | |
|---|---|
| Created: | 2022-08-11 |
| By: | Sheyla Oliveira (sheyla@onlinenotarynj.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAzMgwRecVsBQ8KSnNyBHBqi9P1aYed3Zy |

## "Eastern Industries Commercial Affidavit 11JUL22" History

Document created by Sheyla Oliveira (sheyla@onlinenotarynj.com)
2022-08-11 - 7:50:31 PM GMT- IP address: 174.206.168.199

Document emailed to lawandbanking@gmail.com for signature
2022-08-11 - 7:53:49 PM GMT

Email viewed by lawandbanking@gmail.com
2022-08-11 - 7:54:15 PM GMT- IP address: 66.249.83.43

Signer lawandbanking@gmail.com entered name at signing as Wesley-Keith: Mullings
2022-08-11 - 7:55:19 PM GMT- IP address: 108.50.238.247

Document e-signed by Wesley-Keith: Mullings (lawandbanking@gmail.com)
Signature Date: 2022-08-11 - 7:55:21 PM GMT - Time Source: server- IP address: 108.50.238.247

Document emailed to jim@dreadfullykind.com for signature
2022-08-11 - 7:55:23 PM GMT

Email viewed by jim@dreadfullykind.com
2022-08-11 - 7:57:06 PM GMT- IP address: 74.125.215.93

Signer jim@dreadfullykind.com entered name at signing as James welch
2022-08-11 - 8:02:21 PM GMT- IP address: 73.102.229.142

Document e-signed by James welch (jim@dreadfullykind.com)
Signature Date: 2022-08-11 - 8:02:22 PM GMT - Time Source: server- IP address: 73.102.229.142

Document emailed to alansacks@aol.com for signature
2022-08-11 - 8:02:24 PM GMT

Adobe Acrobat Sign

Email viewed by alansacks@aol.com

2022-08-11 - 8:03:00 PM GMT- IP address: 209.73.183.26

Signer alansacks@aol.com entered name at signing as Alan Sacks

2022-08-11 - 8:09:31 PM GMT- IP address: 172.58.237.253

Document e-signed by Alan Sacks (alansacks@aol.com)

Signature Date: 2022-08-11 - 8:09:33 PM GMT - Time Source: server- IP address: 172.58.237.253

Document emailed to cub024@yahoo.com for signature

2022-08-11 - 8:09:35 PM GMT

Email viewed by cub024@yahoo.com

2022-08-11 - 8:11:01 PM GMT- IP address: 209.73.183.26

Signer cub024@yahoo.com entered name at signing as anthony smith

2022-08-11 - 8:11:46 PM GMT- IP address: 174.197.135.204

Document e-signed by anthony smith (cub024@yahoo.com)

Signature Date: 2022-08-11 - 8:11:47 PM GMT - Time Source: server- IP address: 174.197.135.204

Agreement completed.

2022-08-11 - 8:11:47 PM GMT

**Adobe Acrobat Sign**

Sub cover for:

# EXHIBIT C

This is an extension to SPECIAL APPEARANCE FEDERAL DEFAULT

## Proof of Delivery of Notice of Default

This cover sheet appears as the first page of five (5) of the evidence within

**DO NOT DETACH**

Case 1:22-cv-10664-UA    Document 1    Filed 12/16/22    Page 45 of 130

# USPS Tracking®

FAQs ›

Track Another Package **+**

**Tracking Number:** 70192280000219626966

Remove ✕

Your item was delivered to an individual at the address at 10:39 am on April 20, 2022 in SCOTTSDALE, AZ 85251.

**USPS Tracking Plus® Available** ⌄

## ✓ Delivered, Left with Individual

April 20, 2022 at 10:39 am
SCOTTSDALE, AZ 85251

**Get Updates** ⌄

---

**Text & Email Updates** ⌄

---

**Tracking History** ⌄

---

**USPS Tracking Plus®** ⌄

---

**Product Information** ⌄

---

**See Less** ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

# USPS Tracking®

FAQs >

## Track Another Package +

**Tracking Number:** 70192280000219626997

Remove ✕

Your item was delivered to an individual at the address at 11:32 am on April 20, 2022 in QUEEN CREEK, AZ 85142.

**USPS Tracking Plus® Available ⌄**

## ⊘ Delivered, Left with Individual

April 20, 2022 at 11:32 am
QUEEN CREEK, AZ 85142

**Get Updates ⌄**

---

**Text & Email Updates** ⌄

---

**Tracking History** ⌄

---

**USPS Tracking Plus®** ⌄

---

**Product Information** ⌄

---

**See Less ⌃**

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Sub cover for:

# EXHIBIT D

This is an extension to SPECIAL APPEARANCE FEDERAL DEFAULT

## Notice of Default and Certificate of Non-Response

This cover sheet appears as the first page of ten (10) of the evidence within

**DO NOT DETACH**

# CERTIFICATION OF SERVICE

**STATE OF NEW JERSEY**                    |
**SUBSCRIBED AND AFFIRMED**        |
**COUNTY OF ESSEX**                         |

I, _____ Wesley-Keith: Mullings _____, the undersigned mailer/server, being of sound mind and under no duress, do hereby certify, attest and affirm that the following facts are true and correct, to wit:

1. That, on _March 3rd_ , 20_22_ , that, on behalf of Anthony Smith, Alan Sacks, and Jim Welch _____ Wesley-Keith: Mullings _____, a human being, the undersigned personally deposited the following documents listed below inside the envelope, sealed them and transmitted them via the carrier indicated below, to wit:

|      | **Document Description**                                             | **# pages** |
| ---- | ------------------------------------------------------------------- | ----------- |
| 1.   | Certificate of Non-Response                                         | 2           |
| 2.   | Notice of Default                                                   | 6           |
| 3.   | Proof of Delivery of Certified Mail #: 7019 2280 0002 1962 6645     | 2           |
| 4.   | Proof of Delivery of Certified Mail #: 7019 2280 0002 1962 6621     | 2           |
| 5.   | Proof of Delivery of Certified Mail #: 7019 2280 0002 1962 6638     | 2           |
| 6.   | Proof of Delivery of Priority Express Mail #: EJ 582 125 312 US     | 2           |

2. That I personally mailed said one (1) full set of the above described documents in the manner and with the tracking information as indicated, in like manner to Rule 4:4-3 and Rule 4:4-4, this being original process, to each recipient below:

| *CERTIFIED MAIL* .                                          | *CERTIFIED MAIL* .                                          |
| ---------------------------------------------------------- | ---------------------------------------------------------- |
| 7019 2280 0002 1962 6966                                   | 7019 2280 0002 1962 6973                                   |
| Thomas Vella                                               | Dominic Riccobono                                          |
| 6835 E. Camelback Rd, Unit 8003                            | 11637 E Cochise Dr                                         |
| Scottsdale, AZ 85251– 3159                                 | Scottsdale, AZ 85259-4943                                  |

| *CERTIFIED MAIL* .                                          | *CERTIFIED MAIL* .                                          |
| ---------------------------------------------------------- | ---------------------------------------------------------- |
| 7019 2280 0002 1962 6980                                   | 7019 2280 0002 1962 6997                                   |
| Wesley Zlotoff                                             | Jack Thomas Riccobono                                      |
| 8337 E. San Ramon Dr                                       | 20104 E. Melissa Pl                                        |
| Scottsdale, AZ 85258-1813                                  | Queen Creek, AZ 85142-5411                                 |

3. That I am at least 18 years of age;

4. That I am not related to _ Anthony Smith, Alan Sacks, or Jim Welch _ by blood, marriage, adoption, or employment, but serve as a "disinterested third party" (herein "Server"); and further,

5. That I am in no way connected to, or involved in or with, the person and/or matter at issue in this instant action.

I now affix my signature to these affirmations.

Mailer/Server, /s/ Wesley-Keith: Mullings
_____
(signature) without recourse

_____
Wesley-Keith: Mullings .

## NOTARY JURAT

Subscribed and sworn to (or affirmed) before me on this **4th** day of **April**, **2022**,

By <u>Wesley-Keith Mullings</u>, proved to me on the basis of satisfactory evidence to be the One who appeared before me.

WITNESS my hand and official seal.

Sheyla P Oliveira
_____
Digitally signed by
Sheyla P Oliveira
Date: 2022.04.04
11:13:30 -04'00'

**Sheyla P. Oliveira**
**Notary Public of the State of New Jersey**
**This notarial act involved the use of communication technology**
:

SHEYLA P OLIVEIRA
Notary Public - State of New Jersey
My Commission Expires Oct 15, 2025

RECORDING REQUESTED BY:
Anthony Smith
AND WHEN RECORDED MAIL TO:
Anthony Smith
39 Tall Timber Rd
Middletown NJ 07748

_____
SPACE ABOVE THIS LINE FOR RECORDER'S USE

### NOTICE OF DEFAULT
### AFFIDAVIT OF NOTICE

TO: JACK THOMAS RICCOBONO, WESLEY ZLOTOFF, DOMINIC RICCOBONO, and THOMAS VELLA

YOU ARE HEREBY NOTICED that you are in default of an opportunity to respond to the NOTICE AND DEMAND sent to you on [date] by certified mail. You were given the opportunity to rebut the claims made against you by your failure to answer said AFFIDAVIT.

A DEFAULT JUDGMENT is being sought against you having waived the right to answer by acquiesence, tacit admission and failure to contest, rejecting your due process opportunity. (See **Randone v. Appellate Court, 5 C3d 536; Mullane v Central Hanover Trust Co., 339 US 306, 314; Sniadach v. Family Finance Corp., 395 US 337, 339; Melorich Builders v. Superior Court, 160 Cal App 3d 931**, as in line with NJSA 2A:168-37(b), Withdrawal, default, termination and judicial enforcement.)

IN ABSENCE of such response, Affiants Anthony Smith, Alan Sacks, and Jim Welch, hereby inserts and records this NOTICE OF DEFAULT upon and against above named Respondent(s) pursuant the New Jersey Constitution Article I Sections 1, 2, 18, 20, 21, 22, Constitution of New Jersey, Article XXII (1776), Federal Rules of Civil Procedure Rule 55, and New Jersey Revised Statutes Section 2A:168-37.

WHEREAS such actions now shall be taken in accordance to the procedures set forth in the NOTICE AND DEMAND defaulted.

We, Anthony Smith, Alan Sacks, and Jim Welch, have personal knowledge of the above facts, are competent to testify to the above facts, and declare that the foregoing is true, correct and complete under the penalty of perjury.

Testified this __4th__ day of __April__, 2022

/s/ anthony smith (Apr 4, 2022 11:05 EDT)
_____
Anthony Smith, SUI JURIS

/s/ Alan Sacks (Apr 4, 2022 11:01 EDT)
_____
Alan Sacks, SUI JURIS

/s/ *Jim Welch*
Jim Welch (Apr 4, 2022 08:09 PDT)

Jim Welch, SUI JURIS

WITNESS my hand this __4th__ day of __April__ , 2022

/s/ Wesley-Keith: Mullings (Apr 4, 2022 10:58 EDT)

Wesley-Keith: Mullings, SUI JURIS

## CERTIFICATE OF NON-RESPONSE
### And Failure to Contest Affidavit

Re: Non-Response to Notice and Demand

NEW JERSEY STATE    )
                       ) scilicet:
County of Camden      )

"Indeed, no more than (affidavits) is necessary to make the prima facie case." See: **United States v. Kis, 658 F.2nd, 526, 536 (7th Cir. 1981); Cert Denied, 50 U.S. L.W. 2169; S. Ct. March 22, 1982**

I, _Wesley-Keith: Mullings_ , the undersigned mailer/server, being of sound mind and under no duress, do hereby certify, attest and affirm that the following facts are true and correct, to wit:

1.    That, on _March 3rd_ , 20 _22_ , that, on behalf of Anthony Smith, Alan Sacks, and Jim Welch, _Wesley-Keith: Mullings_ , a human being, the undersigned personally mailed one (1) full set of the following described documents in the manner and with the tracking information as indicated, via the carrier indicated below, in like manner to Rule 4:4-3 and Rule 4:4-4, this being original process, to each recipient below:

<table>
<tr><td>

**CERTIFIED MAIL** .
7019 2280 0002 1962 6645
Jack Thomas Riccobono
20104 E. Melissa Pl
Queen Creek, AZ 85142-5411

</td><td>

7019 2280 0002 1962 6638
Wesley Zlotoff
8337 E. San Ramon Dr
Scottsdale, AZ 85258-1813

</td></tr>
<tr><td>

**CERTIFIED MAIL** .
7019 2280 0002 1962 6621
Wesley Zlotoff
8337 E. San Ramon Dr
Scottsdale, AZ 85258-1813

</td><td>

**CERTIFIED MAIL** .
7019 2280 0002 1962 6614
resent as:
**PRIORITY EXPRESS MAIL** .
EJ 582 125 312 US
Thomas Vella
6835 E. Camelback Rd, Unit 8003
Scottsdale, AZ 85251– 3159

</td></tr>
</table>

**CERTIFIED MAIL** .

1.a.    The following documents listed below were included inside each envelope, sealed, and transmitted, to wit:

| Document Description | # pages |
|---|---|
| • Joint Venture Agreement, signed on November 10, 2019 | 5 |
| • Delivery report and access history of DocuSign Envelope ID: 5889e3fa-ec33-4539-afd7-282fc8b62aab to email: Cub024@yahoo.com, Jim@dreadfullykind.com, Alansacks@aol.com, ttvella@gmail.com, and wmzlotoff@earthcoenterprises.com | 7 |
| • NJSA 45:18-5 | 1 |
| • NJ Punitive Damages Act (NJSA 2A:15-5.9 through 5.17) | 14 |

2.      That I used an address under my own control, and not readily accessible to Anthony Smith, Alan Sacks, and Jim Welch as the return address for the recipient listed above to respond to in connection with the above listed documents, to wit:

> CreditLife Plus
> ATTN: Nelson Martins
> 375 Chestnut Street
> Newark, NJ 07105

3.      That each recipient received their targeted parcel at the following schedule:

| Tracking number | Delivery Date & Time |
|---|---|
| CERTIFIED MAIL . 7019 2280 0002 1962 6645 | March 7, 2022 @ 1:44pm |
| CERTIFIED MAIL . 7019 2280 0002 1962 6621 | March 7, 2022 @ 5:43pm |
| CERTIFIED MAIL . 7019 2280 0002 1962 6638 | March 7, 2022 @ 2:49pm |
| CERTIFIED MAIL . 7019 2280 0002 1962 6614 resent as: | returned to sender |
| PRIORITY EXPRESS MAIL . EJ 582 125 312 US | April 1, 2022 @ |

4.      That I am at least 18 years of age;

5.      That I am not related to  Anthony Smith, Alan Sacks, or James Welch  by blood, marriage, adoption, or employment, but serve as a "disinterested third party" (herein "Server"); and further,

6.      That I am in no way connected to, or involved in or with, the person and/or matter at issue in this instant action.

Said RESPONSE was requested within a specific time period with an additional 3 days for return mail.

THEREFORE; I certify that neither  Jack Thomas Riccobono, Wesley Zlotoff, Dominic Riccobono, or Thomas Vella , refused or failed to RESPOND to the above party's Notice and Demand. Presumption is made that  Jack Thomas Riccobono, Wesley Zlotoff, Dominic Riccobono, and Thomas Vella , are all in full acceptance and in full agreement to all matters therein as stipulated in favor of  Anthony Smith, Alan Sacks, and James Welch , the Affiants/Secured Parties/Creditors.

Dated this  4th  day of  April , 20 22

Wesley-Keith: Mullings (Apr 4, 2022 10:58 EDT)
_____
Wesley-Keith: Mullings, Third Party
375 Chestnut Street
Newark, NJ 07105

**Notary Jurat**

STATE OF New Jersey )
                            ) ss
COUNTY OF Camden )

On this __4th__ day of __April__ , 20__22__ , before me, the undersigned Notary Public in and for the State of New Jersey, that __Anthony Smith, Alan Sacks, James Welch, and Wesley‐Keith: Mullings__ appeared, personally known to me or proved to me on the basis of satisfactory evidence, to be the person whose signature appears in the within instrument and acknowledged to me that he executed it.

Witness my hand and official seal:

Sheyla P
Oliveira
Digitally signed by Sheyla
P Oliveira
Date: 2022.04.04 11:19:56
-04'00'

**Sheyla P. Oliveira**
**Notary Public of the State of New Jersey**
**This notarial act involved the use of communication technology**

SHEYLA P OLIVEIRA
Notary Public - State of New Jersey
My Commission Expires Oct 15, 2025

# RON-Eastern Industries Notice of Default 31MAR22

Final Audit Report                                      2022-04-04

| | |
|---|---|
| Created: | 2022-04-04 |
| By: | Sheyla Oliveira (sheyla@onlinenotarynj.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAijsIsxjGx6DiBDJ090J-Kn19MKWTE_Lo |

## "RON-Eastern Industries Notice of Default 31MAR22" History

Document created by Sheyla Oliveira (sheyla@onlinenotarynj.com)
2022-04-04 - 2:48:25 PM GMT- IP address: 108.24.171.29

Document emailed to Wesley-Keith: Mullings (lawandbanking@gmail.com) for signature
2022-04-04 - 2:50:33 PM GMT

Email viewed by Wesley-Keith: Mullings (lawandbanking@gmail.com)
2022-04-04 - 2:56:23 PM GMT- IP address: 66.249.83.45

Document e-signed by Wesley-Keith: Mullings (lawandbanking@gmail.com)
Signature Date: 2022-04-04 - 2:58:34 PM GMT - Time Source: server- IP address: 108.50.238.247

Document emailed to Alan Sacks (alansacks@aol.com) for signature
2022-04-04 - 2:58:36 PM GMT

Email viewed by Alan Sacks (alansacks@aol.com)
2022-04-04 - 3:00:35 PM GMT- IP address: 68.198.124.106

Document e-signed by Alan Sacks (alansacks@aol.com)
Signature Date: 2022-04-04 - 3:01:23 PM GMT - Time Source: server- IP address: 68.198.124.106

Document emailed to anthony smith (cub024@yahoo.com) for signature
2022-04-04 - 3:01:25 PM GMT

Email viewed by anthony smith (cub024@yahoo.com)
2022-04-04 - 3:03:58 PM GMT- IP address: 98.109.49.144

Document e-signed by anthony smith (cub024@yahoo.com)
Signature Date: 2022-04-04 - 3:05:50 PM GMT - Time Source: server- IP address: 98.109.49.144


Adobe Sign

Document emailed to Jim Welch (jim@dreadfullykind.com) for signature

2022-04-04 - 3:05:52 PM GMT

Email viewed by Jim Welch (jim@dreadfullykind.com)

2022-04-04 - 3:06:02 PM GMT- IP address: 66.249.84.193

Document e-signed by Jim Welch (jim@dreadfullykind.com)

Signature Date: 2022-04-04 - 3:09:09 PM GMT - Time Source: server- IP address: 76.168.137.249

Agreement completed.

2022-04-04 - 3:09:09 PM GMT

Adobe Sign

Sub cover for:

# EXHIBIT E

This is an extension to SPECIAL APPEARANCE FEDERAL DEFAULT

## Proof of Delivery of Notice and Demand

This cover sheet appears as the first page of seven (7) of the evidence within

**DO NOT DETACH**

# USPS Tracking®

FAQs >

## Track Another Package +

**Tracking Number:** 70192280000219626645

Remove ✕

Your item was delivered to an individual at the address at 1:44 pm on March 7, 2022 in QUEEN CREEK, AZ 85142.

**USPS Tracking Plus® Available ∨**

## ⊘ Delivered, Left with Individual

March 7, 2022 at 1:44 pm
QUEEN CREEK, AZ 85142

Feedback

**Get Updates ∨**

| | |
|---|---|
| **Text & Email Updates** | ∨ |
| **Tracking History** | ∨ |
| **USPS Tracking Plus®** | ∨ |
| **Product Information** | ∨ |

**See Less ∧**

**Tracking Number:** 70192280000219626621    Remove ✕

Your item was delivered to an individual at the address at 5:43 pm on March 7, 2022 in SCOTTSDALE, AZ 85259.

**USPS Tracking Plus® Available** ⌄

## ✅ **Delivered, Left with Individual**

March 7, 2022 at 5:43 pm
SCOTTSDALE, AZ 85259

**Get Updates** ⌄

**See More** ⌄

Feedback

**Tracking Number:** 70192280000219626638    Remove ✕

Your item was delivered to an individual at the address at 2:49 pm on March 7, 2022 in SCOTTSDALE, AZ 85258.

**USPS Tracking Plus® Available** ⌄

## ✅ **Delivered, Left with Individual**

March 7, 2022 at 2:49 pm
SCOTTSDALE, AZ 85258

**Get Updates** ⌄

**See More** ⌄

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

# USPS Tracking®

FAQs ›

Track Another Package +

**Tracking Number:** EJ582125312US

Remove ✕

**Scheduled Delivery by**

# FRIDAY

# 1

APRIL
2022 ⓘ

by

# 6:00pm ⓘ

USPS Tracking Plus® Available ⌄

## Arrived at USPS Regional Destination Facility

April 2, 2022 at 9:30 pm
PHOENIX AZ DISTRIBUTION CENTER

**Get Updates** ⌄

---

**Text & Email Updates** ⌃

✓ Confirmation - We Received Your Request
EJ582125312US

Your updates will be sent to:

862-234-5082

To finish signup, you must reply YES to the welcome message.
For additional information, text **HELP** to 2USPS (28777). To opt out, text **STOP** to 2USPS.

---



## Proof of Delivery  ⌄

## Tracking History  ⌃

**April 2, 2022, 9:30 pm**
Arrived at USPS Regional Destination Facility
PHOENIX AZ DISTRIBUTION CENTER
Your item arrived at our PHOENIX AZ DISTRIBUTION CENTER destination facility on April 2, 2022 at 9:30 pm. The item is currently in transit to the destination.

**April 2, 2022, 4:25 pm**
Arrived at USPS Destination Facility
SCOTTSDALE, AZ 85257

**April 2, 2022, 10:59 am**
Addressee Unknown
SCOTTSDALE, AZ 85251

**April 1, 2022, 3:03 pm**
Addressee Unknown
SCOTTSDALE, AZ 85251

**April 1, 2022, 12:30 pm**
Forwarded
SCOTTSDALE, AZ

**April 1, 2022, 9:07 am**
Out for Delivery
SCOTTSDALE, AZ 85251

**April 1, 2022, 8:56 am**
Arrived at Post Office
SCOTTSDALE, AZ 85257

**April 1, 2022, 7:25 am**
Arrived at USPS Regional Destination Facility
PHOENIX AZ DISTRIBUTION CENTER

Feedback

**March 31, 2022, 7:49 pm**
Arrived at USPS Regional Origin Facility
NEWARK NJ DISTRIBUTION CENTER

---

**March 31, 2022, 6:31 pm**
Arrived at USPS Regional Origin Facility
KEARNY NJ DISTRIBUTION CENTER

---

**March 31, 2022, 5:09 pm**
Departed Post Office
NEWARK, NJ 07102

---

**March 31, 2022, 1:21 pm**
USPS in possession of item
NEWARK, NJ 07102

---

**USPS Tracking Plus®**                                              ⌄

**Product Information**                                              ⌄

Feedback

**See Less** ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Sub cover for:

# EXHIBIT F

This is an extension to SPECIAL APPEARANCE FEDERAL DEFAULT

## Notice and Demand

This cover sheet appears as the first page of thirty-seven (37) of the evidence within

**DO NOT DETACH**

Anthony Smith
James Welch
Alan Sacks

### THE PEOPLE OF THE REPUBLIC OF NEW JERSEY

Thomas Vella
10567 E. Bella Vista Dr
Scottsdale, AZ 85258-5765

Dominic Riccobono
11637 E Cochise Dr
Scottsdale, AZ 85259-4943

Wesley Zlotoff
8337 E. San Ramon Dr
Scottsdale, AZ 85258-1813

Jack Thomas Riccobono
20104 E. Melissa Pl
Queen Creek, AZ 85142-5411

**RE: NOTICE AND DEMAND**
**Joint Venture Agreement, signed on November 10, 2019**
PURSUANT TO US Constitution, Amendments 9, 10, and 11
"Restatement of the Law Second, Contracts", published by the American Law Institute
UCC §§ 1, 2, and 9
Lucy v. Zehmer, 196 Va. 493; 84 S.E.2d 516 (1954)

### NOTICE TO PRINCIPAL IS NOTICE TO AGENTS;
### NOTICE TO AGENTS IS NOTICE TO PRINCIPAL

YOU, Thomas Vella, Wesley Zlotoff, Dominic Riccobono, and Jack Thomas Riccobono, had accepted terms on an enforceable contract between the principals of Earthco Enterprises, LLC and the principals of Eastern Industries, LLC jointly and severally. Terms of that contract was that you are to pay the principals of Eastern Industries, LLC in accordance with the Joint Venture Agreement, signed on November 10, 2019 in full for all delivered product, on consent of all signatories and authorized representatives.

You and/or your officers, employees, deputies, assistants, representatives, receivers, servants and agents, are unfairly withholding disbursement of payments described and promised within the Joint Venture Agreement, signed on November 10, 2019 when you consented knowingly, intelligently, and voluntarily to the terms of our contract. You and Your Foreign Principals, Organizations, Associations, Officers, Employees, Representatives, Servants, or other Individuals acting under their direction and control, are now DEMANDED TO HONOR the Joint Venture Agreement, signed on November 10, 2019 in full for all delivered product; and are thereby precluded from any reasonable defense of the same, as a matter of necessary operation of law.

- The basic elements of a contract are:

  ◦ offer

  ◦ acceptance

  ◦ consideration

- ◦ terms and conditions

- A contract is enforceable even if it is implied (see **41 USC § 602(a)**)

- "The agreement of the parties overcomes or prevails against the law." **Maxims of Contracts and Consents**

We, Anthony Smith, James Welch, and Alan Sacks, RIGHTFULLY DEMAND that the principals of Earthco Enterprises, LLC jointly and severally pay the principals of Eastern Industries, LLC in accordance with the Joint Venture Agreement, signed on November 10, 2019 in full for all delivered product within ten (10) days of receipt of this Notice and Demand. Further, you, by Law are barred, estopped and precluded under the "Clean Hands doctrine," and "Public Policy," from making any claim or right, title, or interest thereon. (see **18 USC § 1001**)

## NOTICE OF INTENT

YOU are hereby given NOTICE OF INTENT to pay the principals of Eastern Industries, LLC in accordance with the Joint Venture Agreement, signed on November 10, 2019 in full for all delivered product.

YOU, Thomas Vella, Wesley Zlotoff, Dominic Riccobono, and Jack Thomas Riccobono, were further forewarned and duly informed by the DocuSign Envelope ID: 5889e3fa-ec33-4539-afd7-282fc8b62aab delivered by email: Cub024@yahoo.com, Jim@dreadfullykind.com, Alansacks@aol.com, ttvella@gmail.com, and wmzlotoff@earthcoenterprises.com on January 5, 2022 at 4:00pm that your principal's options were either acceptance of the original terms of the Joint Venture Agreement, signed on November 10, 2019 or pay the principals of Eastern Industries, LLC in accordance with the Joint Venture Agreement, signed on November 10, 2019 in full for all delivered product.

## DISHONOR

Failure to respond as herein required, within the herein a prescribed time of ten (10) days will be deemed by me to invoke the doctrine of acquiescence and admission, to recover, in commerce, the lost or damaged properties plus damages, penalties and costs that are described in NJSA 45:18-5 and NJSA 2A:15-5.9 through 5.17.

TIMELY NOTICE AND DEMAND HAS BEEN GIVEN YOU!

Testified this 23 day of February, 2022

/s/ _____
anthony smith (Feb 23, 2022 12:50 EST)
Anthony Smith, SUI JURIS

Testified this 23 day of February, 2022

/s/ _____
James Welch (Feb 23, 2022 09:52 PST)
James Welch, SUI JURIS

Testified this 23 day of February, 2022

/s/ _alan Ssacks_
alan Ssacks (Feb 23, 2022 12:54 EST)

Alan Sacks, SUI JURIS

**Teste Meipso**

**STATE OF NEW JERSEY )**
                                   **)ss:**
**COUNTY OF CAMDEN        )**


      **BE IT REMEMBERED** that on <u>**February 23, 2022**</u>, before me, <u>**Sheyla P. Oliveira**</u>,  a Notary Public in and for said county, <u>**Anthony A. Smith**</u>, appeared before me using communication technology and was satisfactorily identified as the signer to the above referenced document: <u>**NOTICE TO PRINCIPAL IS NOTICE TO AGENTS; NOTICE TO AGENTS IS NOTICE TO PRINCIPAL**</u>. I have been able to confirm <u>**Anthony A. Smith**</u> to be the signer named in the within instrument using the following methods of identity proofing: <u>**Anthony A. Smith**</u> provided a <u>New Jersey Driver's License</u> and <u>   US Passport   </u> as evidence of his identity. I confirm that the record before me titled <u>**NOTICE TO PRINCIPAL IS NOTICE TO AGENTS; NOTICE TO AGENTS IS NOTICE TO PRINCIPAL**</u> is the same record in which <u>**Anthony A. Smith**</u> acknowledged, subscribed or swore to. I have recorded the notarial act and it will be stored at Amazon S3 for a period of 10 years following this date pursuant to P.L.2021, c.179, C.52:7-10.1.


Sheyla P
Oliveira

Digitally signed by Sheyla P
Oliveira
Date: 2022.02.23 12:58:00
-05'00'

Seal:

**Sheyla P. Oliveira**
**Notary Public of the State of New Jersey**
**This notarial act involved the use of communication technology**

```
SHEYLA P OLIVEIRA
Notary Public – State of New Jersey
My Commission Expires Oct 15, 2025
```

**Teste Meipso**

**STATE OF NEW JERSEY**                )
                                                            )ss:
**COUNTY OF CAMDEN**                )

     **BE IT REMEMBERED** that on <u>**February 23, 2022**</u>, before me, <u>**Sheyla P. Oliveira**</u>, a Notary Public in and for said county, <u>**James R. Welch**</u>, appeared before me using communication technology and was satisfactorily identified as the signer to the above referenced document: <u>**NOTICE TO PRINCIPAL IS NOTICE TO AGENTS; NOTICE TO AGENTS IS NOTICE TO PRINCIPAL**</u>. I have been able to confirm <u>**James R. Welch**</u> to be the signer named in the within instrument using the following methods of identity proofing: <u>**James R. Welch**</u> provided a <u>California Driver's License</u> and <u>US Passport</u> as evidence of his identity. I confirm that the record before me titled **NOTICE TO PRINCIPAL IS NOTICE TO AGENTS; NOTICE TO AGENTS IS NOTICE TO PRINCIPAL** is the same record in which <u>**James R. Welch**</u> acknowledged, subscribed or swore to. I have recorded the notarial act and it will be stored at Amazon S3 for a period of 10 years following this date pursuant to P.L.2021, c.179, C.52:7-10.1.

Sheyla P Oliveira
Digitally signed by Sheyla P Oliveira
Date: 2022.02.23 12:58:58 -05'00'

Seal:

**Sheyla P. Oliveira**
**Notary Public of the State of New Jersey**
**This notarial act involved the use of communication technology**

SHEYLA P OLIVEIRA
Notary Public - State of New Jersey
My Commission Expires Oct 15, 2025

**Teste Meipso**

**STATE OF NEW JERSEY**   )
              )ss:
**COUNTY OF CAMDEN**    )


    **BE IT REMEMBERED** that on <u>**February 23, 2022**</u>, before me, <u>**Sheyla P. Oliveira**</u>,  a Notary Public in and for said county, <u>**Alan J. Sacks**</u>, appeared before me using communication technology and was satisfactorily identified as the signer to the above referenced document: **NOTICE TO PRINCIPAL IS NOTICE TO AGENTS; NOTICE TO AGENTS IS NOTICE TO PRINCIPAL**. I have been able to confirm <u>**Alan J. Sacks**</u> to be the signer named in the within instrument using the following methods of identity proofing: <u>**Alan J. Sacks**</u> provided a <u>New York Driver's License</u> and <u>US Passport</u> as evidence of his identity. I confirm that the record before me titled **NOTICE TO PRINCIPAL IS NOTICE TO AGENTS; NOTICE TO AGENTS IS NOTICE TO PRINCIPAL** is the same record in which <u>**Alan J. Sacks**</u> acknowledged, subscribed or swore to. I have recorded the notarial act and it will be stored at Amazon S3 for a period of 10 years following this date pursuant to P.L.2021, c.179, C.52:7-10.1.

## Sheyla P Oliveira

Digitally signed by Sheyla P
Oliveira
Date: 2022.02.23 12:59:44
-05'00'

Seal:

**Sheyla P. Oliveira**
**Notary Public of the State of New Jersey**
**This notarial act involved the use of communication technology**

SHEYLA P OLIVEIRA
Notary Public - State of New Jersey
My Commission Expires Oct 15, 2025

# LIST OF EXHIBITS

Enclosed are exhibits to the attached NOTICE AND DEMAND to enforce Joint Venture Agreement, signed on November 10, 2019. Each indexed page has an associated cover bound to it.

**Contents:**

| # Pages | Document Reference # | Title of Document |
|---|---|---|
| 1 | | This cover page |
| 5 | Exhibit A | Joint Venture Agreement, signed on November 10, 2019 |
| 7 | Exhibit B | Delivery report and access history of DocuSign Envelope ID: 5889e3fa-ec33-4539-afd7-282fc8b62aab to email: Cub024@yahoo.com, Jim@dreadfullykind.com, Alansacks@aol.com, ttvella@gmail.com, and wmzlotoff@earthcoenterprises.com |
| 1 | Exhibit C | NJSA 45:18-5 |
| 14 | Exhibit D | NJ Punitive Damages Act (NJSA 2A:15-5.9 through 5.17) |

Sub cover for:

# EXHIBIT A

This is an extension to NOTICE AND DEMAND to enforce Joint Venture Agreement, signed on November 10, 2019

## Joint Venture Agreement, signed on November 10, 2019

This cover sheet appears as the first page of five (5) of the evidence within

**DO NOT DETACH**

# JOINT VENTURE AGREEMENT

This Agreement is made and entered into as of this 10th day of November , 2019 ("Effective Date") by and between **Earthco Enterprises LLC,** an Arizona limited liability company ("EE"), having principal office located at 135 East Chilton Drive, Suite 101, Chandler, AZ 85225 and Eastern Industries LLC, a New York limited liability company ("JVCompany"), having principal office located at 14A Heron Lane, Shelter Island, NY 11964 .

## RECITALS

A.      JVCompany is engaged in the business of cultivating, harvesting and selling industrial hemp.

B.      EE is engaged in the business of manufacturing and selling value added products made from industrial hemp.

C.      EE and JVCompany wish to join together in a joint venture for the purpose of supplying and processing industrial hemp into final product ("Products") with the intent to sell Products for a profit for both Parties.

D.      In consideration of the mutual covenants and agreements contained herein, the receipt and sufficiency of which are hereby acknowledged, EE and JVCompany  hereby agree as follows:

## TERMS AND CONDITIONS

1.      **Formation**. The joint venture formed pursuant to this Agreement (the "Joint Venture") shall do business under the respective names of the Parties.

2.      **Purpose**. The Joint Venture shall be formed for the purpose of producing value added CBD Products for distribution through national and international sales channels.

3.      **Contributions**.

   a.   JVCompany shall contribute to the Joint Venture according to the following terms:

   i.   A minimum of 2,500 pounds and a maximum of 10 acres of industrial hemp per harvest shall be provided to EE for the term of this Agreement.

   ii.  The industrial hemp provided shall consist of the buds (flowers) only and not contain any mold, heavy metals or contaminants seen as unfit for human consumption.

   iii. The industrial hemp provided shall be tested using a certified third-party lab and contain at a minimum of 14% CBDA, a maximum of 8% moisture rate and less than or equal to the then current Federal and state legally allowable percentage of THC; Be it Delta-9 THC or overall THC as defined by Federal and state law.

   iv.  The industrial hemp shall be packaged in super sacks and shipped within 21 days after harvest and successful testing to a processing facility within the Continental USA as designated by EE.

1

b.   EE shall contribute to the Joint Venture according to the following terms:

    i.   EE shall use its patented technology and other resources to produce sellable CBD Products from the industrial hemp provided by JVCompany. EE shall be solely responsible, financially and alike, to provide all manufacturing and distribution resources, including but not limited to processing, packaging, marketing and fulfillment of finished goods.

    ii.   EE shall use its marketing resources to the fullest extent to sell Products in a timely manner.

    iii.   EE shall be responsible for storing all inventory of Products produced from the Joint Venture.

    iv.   EE shall provide financial accounting for all Products held as inventory and sold through the Joint Venture. Such financial accounting shall be based on GAAP standards. Financial reporting shall be provided from EE to JVCompany on a quarterly basis unless otherwise agreed upon in writing by the Parties.

    v.   EE shall provide JVCompany, upon 48 hours notice, access to the processing facility to inspect and view the product inventory made from the industrial hemp provided by JVCompany.

4.   **Pricing of Products**.

a.   Pricing of Products made from this Joint Venture shall be based on the following terms:

    i.   EE shall market and advertise Products from this Joint Venture at a price no less than $2500.00 USD per kilogram.

    ii.   EE shall have the right to negotiate final sales pricing of Products to a minimum of $1500.00 USD per kilogram. This right is granted in the event of a large bulk order or acquisition of a new customer through the sale of an initial test kilogram.

    iii.   EE shall not reduce final sales pricing of Products below $1500.00 USD without written consent from JVCompany.

5.   **Distribution of Sales Revenues**.

a.   Distribution of sales revenues generated from this Joint Venture shall be based on the following terms:

    i.   EE and JVCompany shall share in the revenues generated from the sales of Products from the Joint Venture at a rate of 50% to EE and 50% to JVCompany. The 50% of revenues distributed to the Parties will be calculated as gross revenues from sales minus sales commissions paid to distributors and or sales agents.

    ii.   EE shall distribute to JVCompany sales revenues within 5 business days after receiving funds. Distribution shall be done via electronic means or by any other means as agreed upon in writing by the Parties.

6.      **No Exclusivity**. Neither Party shall be obligated to offer any business opportunities or to conduct business exclusively with the other Party by virtue of this Agreement.

7.      **Term**. This Agreement shall remain in full force and effect for a period of five years from the date of this Agreement. At any time, this Agreement may be terminated by mutual written consent of the Parties. If this Agreement either expires or is terminated, the Joint Venture shall be terminated as well, and all Parties' obligations under this Agreement with respect to the operation and administration of the Joint Venture shall no longer have force or effect.

8.      **Confidentiality**. Any information pertaining to either Party's business to which the other Party is exposed as a result of the relationship contemplated by this Agreement shall be considered to be "Confidential Information". Neither Party may disclose any Confidential Information to any person or entity, except as required by law, without the express written consent of the affected Party.

9.      **Notices**. Any notice provided for in this Agreement will be in writing and will be either personally delivered, mailed by first class mail (return receipt requested), or sent by overnight courier service, to the recipient at the address for the Party as it appears on the facing page of this Agreement, or such other address or to the attention of such other person as the recipient Party will have specified by prior written notice to the sending Party. Any notice under this Agreement will be deemed to have been given when so delivered or mailed.

10.     **Assignment**. Neither Party may assign or transfer their respective rights or obligations under this Agreement without prior written consent from the other Party.

11.     **Further Actions**. The Parties hereby agree to execute any further documents and to take any necessary actions to complete the formation of the Joint Venture.

12.     **Amendments**. All amendments to this Agreement must be in writing, specifically refer to this Agreement and be signed by the Parties.

13.     **Governing Law**. All issues and questions concerning the construction, validity, enforcement and interpretation of this Agreement and the exhibits and schedules hereto will be governed by, and construed in accordance with, the laws of the State of Arizona, without giving effect to any choice of law or conflict of law rules or provisions (whether of the State of Arizona or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than the State of Arizona. This Agreement shall be interpreted without regard to the drafting party.

14.     **Severability**. In the event any provision of this Agreement is held to be invalid, said provision will be severed from this Agreement to the extent of such invalidity, without invalidating the remaining provisions of this Agreement.

15.     **Counsel**. EE and JVCompany each acknowledges that it has been, or has had the opportunity to be, represented by counsel in connection with the review and execution of this Agreement, and accordingly, there shall be no presumption that this Agreement or any provision hereof be construed against the drafter.

**IN WITNESS WHEREOF** the Parties hereto have read, understood and agreed to be bound by the terms and conditions set forth herein, and have executed this Agreement the day and date first above written.

**EARTHCO ENTERPRISES LLC**
an Arizona limited liability company

By: _____

Name: _Wes Elotoff_____

Its: _Owner_____

Date: _11.12.19_____

**EASTERN INDUSTRIES LLC**
a New York limited liability company

By: _____

Name: _Anthony Smith_____

Its: _CEO_____

Date: _11/12/19_____

4

Sub cover for:

# EXHIBIT B

This is an extension to NOTICE AND DEMAND to enforce Joint Venture Agreement, signed on November 10, 2019

## Delivery report and access history of DocuSign Envelope ID: 5889e3fa-ec33-4539-afd7-282fc8b62aab to email: Cub024@yahoo.com, Jim@dreadfullykind.com, Alansacks@aol.com, ttvella@gmail.com, and wmzlotoff@earthcoenterprises.com

This cover sheet appears as the first page of seven (7) of the evidence within

**DO NOT DETACH**

**Subject**
Please DocuSign: Earthco response
COMPLETE 3JAN21.pdf

**Document**
Earthco response COMPLETE 3JAN21.pdf

**Document Id**
5889e3fa-ec33-4539-afd7-282fc8b62aab

**Recipients**
Alan Sacks, Anthony Smith, James Welch,
Thomas Vella, Wesley Zlotoff

**Date Sent**
1/5/2022 | 01:57:56 pm

**Date Created**
1/5/2022 | 01:47:11 pm

**Status Date**
1/5/2022 | 04:00:46 pm

**Location**
Online

**Holder**
Wesley Keith Mullings Trust

**Time Zone**

Page 1 of 6

| Time | User | Action | Activity | Status |
|------|------|--------|----------|--------|
| 1/5/2022 \| 01:47:11 pm | Wesley Keith Mullings Trust | Registered | The envelope was created by Wesley Keith Mullings Trust | Created |
| 1/5/2022 \| 01:57:56 pm | Wesley Keith Mullings Trust | Sent Invitations | Wesley Keith Mullings Trust sent an invitation to Alan Sacks [Alansacks@aol.com] | Sent |
| 1/5/2022 \| 01:57:56 pm | Wesley Keith Mullings Trust | Sent Invitations | Wesley Keith Mullings Trust sent an invitation to Anthony Smith [Cub024@yahoo.com] | Sent |
| 1/5/2022 \| 01:57:56 pm | Wesley Keith Mullings Trust | Sent Invitations | Wesley Keith Mullings Trust sent an invitation to Jim Welsh [Jim@dreadfullykind.com] | Sent |
| 1/5/2022 \| 01:57:56 pm | Wesley Keith Mullings Trust | Sent Invitations | Wesley Keith Mullings Trust sent an invitation to Thomas Vella [ttvella@gmail.com] | Sent |
| 1/5/2022 \| 01:57:56 pm | Wesley Keith Mullings Trust | Sent Invitations | Wesley Keith Mullings Trust sent an invitation to Wesley Zlotoff [wmzlotoff@earthcoenterprises.com] | Sent |
| 1/5/2022 \| 01:59:23 pm | Anthony Smith | Viewed In-Session | Anthony Smith viewed the envelope in a session hosted by Wesley Keith Mullings Trust [documents:(Earthco response COMPLETE 3JAN21.pdf)] | Sent |
| 1/5/2022 \| 02:01:57 pm | Anthony Smith | Signed | Anthony Smith signed the envelope on mobile | Sent |
| 1/5/2022 \| 02:03:14 pm | Anthony Smith | Printable Copy Delivered | Anthony Smith received a printable copy of the envelope | Sent |
| 1/5/2022 \| 02:17:06 pm | Jim Welsh | Viewed | Jim Welsh viewed the envelope [documents:(Earthco response COMPLETE 3JAN21.pdf)] | Sent |

| Language | IP | Source |
|---|---|---|
| English (us) | 108.50.238.247 | api |
| English (us) | 108.50.238.247 | api |
| English (us) | 108.50.238.247 | api |
| English (us) | 108.50.238.247 | api |
| English (us) | 108.50.238.247 | api |
| English (us) | 108.50.238.247 | api |
| En | 98.109.49.144 | web |
| En | 98.109.49.144 | web |
| English (us) | 98.109.49.144 | api |
| En | 75.84.240.234 | web |

| Time | User | Action | Activity | Status |
|---|---|---|---|---|
| 1/5/2022 \| 02:17:58 pm | James Welch | Signed | James Welch signed the envelope | Sent |
| 1/5/2022 \| 02:19:25 pm | Alan Sacks | Viewed | Alan Sacks viewed the envelope [documents:(Earthco response COMPLETE 3JAN21.pdf)] | Sent |
| 1/5/2022 \| 02:19:35 pm | Alan Sacks | Signed | Alan Sacks signed the envelope on mobile | Sent |
| 1/5/2022 \| 02:47:29 pm | Anthony Smith | Printable Copy Delivered | Anthony Smith received a printable copy of the envelope | Sent |
| 1/5/2022 \| 04:00:46 pm | Wesley Zlotoff | Viewed | Wesley Zlotoff viewed the envelope [documents:(Earthco response COMPLETE 3JAN21.pdf)] | Sent |
| 1/5/2022 \| 04:36:05 pm | James Welch | Viewed | James Welch viewed the envelope [documents:(Earthco response COMPLETE 3JAN21.pdf)] | Sent |
| 1/5/2022 \| 06:22:53 pm | Anthony Smith | Printable Copy Delivered | Anthony Smith received a printable copy of the envelope | Sent |
| 1/6/2022 \| 10:32:51 am | Wesley Zlotoff | Viewed | Wesley Zlotoff viewed the envelope [documents:(Earthco response COMPLETE 3JAN21.pdf)] | Sent |
| 1/6/2022 \| 10:33:14 am | Wes Zlotoff | Printable Copy Delivered | Wes Zlotoff received a printable copy of the envelope | Sent |
| 1/6/2022 \| 10:36:44 am | Wesley Zlotoff | Viewed | Wesley Zlotoff viewed the envelope [documents:(Earthco response COMPLETE 3JAN21.pdf)] | Sent |

| Language | IP | Source |
|---|---|---|
| En | 75.84.240.234 | web |
| En | 68.198.124.106 | web |
| En | 68.198.124.106 | web |
| English (us) | 98.109.49.144 | api |
| En | 72.195.215.94 | web |
| En | 75.84.240.234 | web |
| English (us) | 98.109.49.144 | api |
| En | 72.195.215.94 | web |
| En | 72.195.215.94 | web |
| En | 72.195.215.94 | web |

| Time | User | Action | Activity | Status |
|------|------|--------|----------|--------|
| 1/6/2022 \| 05:45:49 pm | Wesley Zlotoff | Viewed | Wesley Zlotoff viewed the envelope [documents:(Earthco response COMPLETE 3JAN21.pdf)] | Sent |
| 1/10/2022 \| 01:06:21 pm | James Welch | Printable Copy Delivered | James Welch received a printable copy of the envelope | Sent |

| Language | IP | Source |
|---|---|---|
| En | 173.227.53.10 | web |
| English (us) | 75.84.240.234 | api |

Sub cover for:

# EXHIBIT C

This is an extension to NOTICE AND DEMAND to enforce Joint Venture Agreement, signed on November 10, 2019

## NJSA 45:18-5

This cover sheet appears as the first page of one (1) of the evidence within

**DO NOT DETACH**

View the 2020 New Jersey Revised Statutes | View Previous Versions of the New Jersey Revised Statutes

# 2013 New Jersey Revised Statutes
# Title 45 - PROFESSIONS AND OCCUPATIONS
# Section 45:18-5 - Penalty

**Universal Citation:** NJ Rev Stat § 45:18-5 (2013)

**45:18-5. Penalty**
Any person, member of a partnership or officer of an association or corporation who fails to comply with any of the provisions of this chapter shall be subject to a fine of not more than five hundred dollars or to imprisonment for not more than three months, or both.

**Disclaimer:** These codes may not be the most recent version. New Jersey may have more current or accurate information. We make no warranties or guarantees about the accuracy, completeness, or adequacy of the information contained on this site or the information linked to on the state site. Please check official sources.

Sub cover for:

# EXHIBIT D

This is an extension to NOTICE AND DEMAND, ACCOUNT #: 0245-4B8D3723DA9E

## NJ Punitive Damages Act (NJSA 2A:15-5.9 through 5.17)

This cover sheet appears as the first page of fourteen (14) of the evidence within

**DO NOT DETACH**

**View the 2020 New Jersey Revised Statutes |** View Previous Versions of the New
Jersey Revised Statutes

# 2016 New Jersey Revised Statutes
# Title 2a - Administration Of Civil And Criminal Justice
# Section 2A:15-5.9 - Short Title

**Universal Citation:** NJ Rev Stat § 2A:15-5.9 (2016)

**2A:15-5.9. Short title**
1. This act shall be known and may be cited as the "Punitive Damages Act."

L.1995,c.142,s.1.

**Disclaimer:** These codes may not be the most recent version. New Jersey may have more current or accurate information. We make no warranties or guarantees about the accuracy, completeness, or adequacy of the information contained on this site or the information linked to on the state site. Please check official sources.

View the 2020 New Jersey Revised Statutes | View Previous Versions of the New Jersey Revised Statutes

# 2016 New Jersey Revised Statutes
# Title 2a - Administration Of Civil And Criminal Justice
# Section 2A:15-5.10 - Definitions Relative To Punitive Damages Awards.

**Universal Citation:** NJ Rev Stat § 2A:15-5.10 (2016)

**2A:15-5.10. Definitions relative to punitive damages awards.**

2. As used in this act:

"Actual malice" means an intentional wrongdoing in the sense of an evil-minded act.

"Clear and convincing evidence" means that standard of evidence which leaves no serious or substantial doubt about the correctness of the conclusions drawn from the evidence. It is a standard which requires more than a preponderence of evidence, but less than beyond a reasonable doubt, to draw a conclusion.

"Compensatory damages" means damages intended to make good the loss of an injured party, and no more. The term includes general and special damages and does not include nominal, exemplary or punitive damages.

"Defendant" means any party against whom punitive damages are sought.

"Nominal damages" are damages that are not designed to compensate a plaintiff and are less than $500.

"Plaintiff" means any party claiming punitive damages.

"Punitive damages" includes exemplary damages and means damages awarded against a party in a civil action because of aggravating circumstances in order to penalize and to provide additional deterrence against a defendant to discourage similar conduct in the future. Punitive damages do not include compensatory damages or nominal damages.

"Wanton and willful disregard" means a deliberate act or omission with knowledge of a high degree of probability of harm to another and reckless indifference to the consequences of such act or omission.

L.1995,c.142,s.2.

**Disclaimer:** These codes may not be the most recent version. New Jersey may have more current or accurate information. We make no warranties or guarantees about the accuracy, completeness, or adequacy of the information contained on this site or the information linked to on the state site. Please check official sources.

Case 1:21-cv-10664-UA Document 1 Filed 12/16/21 Page 92 of 130

**View the 2020 New Jersey Revised Statutes** | View Previous Versions of the New Jersey Revised Statutes

# 2016 New Jersey Revised Statutes
# Title 2a - Administration Of Civil And Criminal Justice
# Section 2A:15-5.11 - Punitive Damages Requested In Complaint

**Universal Citation:** NJ Rev Stat § 2A:15-5.11 (2016)

**2A:15-5.11. Punitive damages requested in complaint**

3. An award of punitive damages must be specifically prayed for in the complaint.

L.1995,c.142,s.3.

**Disclaimer:** These codes may not be the most recent version. New Jersey may have more current or accurate information. We make no warranties or guarantees about the accuracy, completeness, or adequacy of the information contained on this site or the information linked to on the state site. Please check official sources.



View the 2020 New Jersey Revised Statutes | View Previous Versions of the New Jersey Revised Statutes

# 2016 New Jersey Revised Statutes
# Title 2a - Administration Of Civil And Criminal Justice
# Section 2A:15-5.12 - Award Of Punitive Damages; Determination

**Universal Citation:** NJ Rev Stat § 2A:15-5.12 (2016)

**2A:15-5.12. Award of punitive damages; determination**

4. a. Punitive damages may be awarded to the plaintiff only if the plaintiff proves, by clear and convincing evidence, that the harm suffered was the result of the defendant's acts or omissions, and such acts or omissions were actuated by actual malice or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by those acts or omissions. This burden of proof may not be satisfied by proof of any degree of negligence including gross negligence.

b. In determining whether punitive damages are to be awarded, the trier of fact shall consider all relevant evidence, including but not limited to, the following:

(1) The likelihood, at the relevant time, that serious harm would arise from the defendant's conduct;

(2) The defendant's awareness of reckless disregard of the likelihood that the serious harm at issue would arise from the defendant's conduct;

(3) The conduct of the defendant upon learning that its initial conduct would likely cause

harm; and

(4) The duration of the conduct or any concealment of it by the defendant.

c. If the trier of fact determines that punitive damages should be awarded, the trier of fact shall then determine the amount of those damages. In making that determination, the trier of fact shall consider all relevant evidence, including, but not limited to, the following:

(1) All relevant evidence relating to the factors set forth in subsection b. of this section;

(2) The profitability of the misconduct to the defendant;

(3) When the misconduct was terminated; and

(4) The financial condition of the defendant.

L.1995,c.142,s.4.

**Disclaimer:** These codes may not be the most recent version. New Jersey may have more current or accurate information. We make no warranties or guarantees about the accuracy, completeness, or adequacy of the information contained on this site or the information linked to on the state site. Please check official sources.

2/2/22, 9:36 PM   Section 2A:15-5.13 - Bifurcated Trial At Defendant's Request :: 2016 New Jersey Revised Statutes :: US Codes and...

Case 1:21-cv-10664-LAk Document 1 Filed 12/16/22 Page 95 of 130

**View the 2020 New Jersey Revised Statutes |** View Previous Versions of the New Jersey Revised Statutes

# 2016 New Jersey Revised Statutes
# Title 2a - Administration Of Civil And Criminal Justice
# Section 2A:15-5.13 - Bifurcated Trial At Defendant's Request

**Universal Citation:** NJ Rev Stat § 2A:15-5.13 (2016)

**2A:15-5.13. Bifurcated trial at defendant's request**

5. a. Any actions involving punitive damages shall, if requested by any defendant, be conducted in a bifurcated trial.

b. In the first stage of a bifurcated trial, the trier of fact shall determine liability for compensatory damages and the amount of compensatory damages or nominal damages. Evidence relevant only to the issues of punitive damages shall not be admissible in this stage.

c. Punitive damages may be awarded only if compensatory damages have been awarded in the first stage of the trial. An award of nominal damages cannot support an award of punitive damages.

d. In the second stage of a bifurcated trial, the trier of fact shall determine if a defendant is liable for punitive damages.

e. In any action in which there are two or more defendants, an award of punitive damages must be specific as to a defendant, and each defendant is liable only for the amount of the

2/2/22, 9:36 PM     Section 2a-15-5.13 ... Title ... Defendant's Request ... New Jersey Revised Statutes :: US Codes and...

Case 1:21-cv-10664-LA   Document 1   Filed 12/16/22   Page 96 of 130

award made against that defendant.

L.1995,c.142,s.5.

**Disclaimer:** These codes may not be the most recent version. New Jersey may have more current or accurate information. We make no warranties or guarantees about the accuracy, completeness, or adequacy of the information contained on this site or the information linked to on the state site. Please check official sources.

**View the 2020 New Jersey Revised Statutes** | View Previous Versions of the New Jersey Revised Statutes

# 2016 New Jersey Revised Statutes
# Title 2a - Administration Of Civil And Criminal Justice
# Section 2A:15-5.14 - Determination Of Award; Limitations; Exceptions.

**Universal Citation:** NJ Rev Stat § 2A:15-5.14 (2016)

**2A:15-5.14 Determination of award; limitations; exceptions.**

6. a. Before entering judgment for an award of punitive damages, the trial judge shall ascertain that the award is reasonable in its amount and justified in the circumstances of the case, in light of the purpose to punish the defendant and to deter that defendant from repeating such conduct. If necessary to satisfy the requirements of this section, the judge may reduce the amount of or eliminate the award of punitive damages.

b.No defendant shall be liable for punitive damages in any action in an amount in excess of five times the liability of that defendant for compensatory damages or $350,000, whichever is greater.

c.The provisions of subsection b. of this section shall not apply to causes of action brought pursuant to P.L.1993, c.137 (C.2A:53A-21 et seq.), P.L.1945, c.169 (C.10:5-1 et seq.), P.L.1989, c.303 (C.26:5C-5 et seq.), P.L.1992, c.109 (C.2A:61B-1) or P.L.1986, c.105, (C.34:19-1 et seq.), or in cases in which a defendant has been convicted pursuant to N.J.S.2C:11-3, N.J.S.2C:11-4, R.S.39:4-50 or section 2 of P.L.1981, c.512 (C.39:4-50.4a) or the equivalent under the laws of any other jurisdiction.

Case 1:21-cv-10664-UA Document 1 Filed 12/16/22 Page 98 of 130

L.1995,c.142,s.6; amended 2005, c.323; 2005, c.329, s.3.

**Disclaimer:** These codes may not be the most recent version. New Jersey may have more current or accurate information. We make no warranties or guarantees about the accuracy, completeness, or adequacy of the information contained on this site or the information linked to on the state site. Please check official sources.

**View the 2020 New Jersey Revised Statutes |** View Previous Versions of the New Jersey Revised Statutes

# 2016 New Jersey Revised Statutes
# Title 2a - Administration Of Civil And Criminal Justice
# Section 2A:15-5.15 - Claims Under Existing Law

**Universal Citation:** NJ Rev Stat § 2A:15-5.15 (2016)

**2A:15-5.15. Claims under existing law**

7. Nothing contained in this act is to be construed as creating any claim for punitive damages which is not now available under the law of this State.

L.1995,c.142,s.7.

**Disclaimer:** These codes may not be the most recent version. New Jersey may have more current or accurate information. We make no warranties or guarantees about the accuracy, completeness, or adequacy of the information contained on this site or the information linked to on the state site. Please check official sources.

**View the 2020 New Jersey Revised Statutes** | View Previous Versions of the New Jersey Revised Statutes

# 2016 New Jersey Revised Statutes
# Title 2a - Administration Of Civil And Criminal Justice
# Section 2A:15-5.16 - Jury Not Informed Of Cap

**Universal Citation:** NJ Rev Stat § 2A:15-5.16 (2016)

**2A:15-5.16. Jury not informed of cap**

9. The jury shall not be informed of the cap on punitive damages established by section 6 of this act.

L.1995,c.142,s.9.

**Disclaimer:** These codes may not be the most recent version. New Jersey may have more current or accurate information. We make no warranties or guarantees about the accuracy, completeness, or adequacy of the information contained on this site or the information linked to on the state site. Please check official sources.

2/2/22, 9:37 PM     Section 2A:15-5.17 - Record Referred For Criminal Investigation :: 2016 New Jersey Revised Statutes :: US Codes ...

Case 1:22-cv-10664-J/A  Document 1  Filed 12/16/22  Page 101 of 130

**View the 2020 New Jersey Revised Statutes** | View Previous Versions of the New Jersey Revised Statutes

# 2016 New Jersey Revised Statutes
# Title 2a - Administration Of Civil And Criminal Justice
# Section 2A:15-5.17 - Record Referred For Criminal Investigation

**Universal Citation:** NJ Rev Stat § 2A:15-5.17 (2016)

**2A:15-5.17. Record referred for criminal investigation**

10. Upon the conclusion of any action in which punitive damages have been awarded, the court shall refer the record of that action to the prosecutor of the county in which the case was tried and to the Attorney General for investigation as to whether a criminal act has been committed by the defendant.

L.1995,c.142,s.10.

**Disclaimer:** These codes may not be the most recent version. New Jersey may have more current or accurate information. We make no warranties or guarantees about the accuracy, completeness, or adequacy of the information contained on this site or the information linked to on the state site. Please check official sources.

# Final-Eastern Industries Notice and Demand

**Final Audit Report** 2022-02-23

| | |
|---|---|
| Created: | 2022-02-23 |
| By: | Sheyla Oliveira (sheyla@onlinenotarynj.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAaRiT1m0gZ27Qr8ugsW11fKNmtC5Nn_FX |

## "Final-Eastern Industries Notice and Demand" History

Document created by Sheyla Oliveira (sheyla@onlinenotarynj.com)
2022-02-23 - 5:47:48 PM GMT- IP address: 108.24.171.29

Document emailed to anthony smith (cub024@yahoo.com) for signature
2022-02-23 - 5:48:31 PM GMT

Email viewed by anthony smith (cub024@yahoo.com)
2022-02-23 - 5:48:42 PM GMT- IP address: 98.109.49.144

Document e-signed by anthony smith (cub024@yahoo.com)
Signature Date: 2022-02-23 - 5:50:18 PM GMT - Time Source: server- IP address: 98.109.49.144

Document emailed to James Welch (jim@dreadfullykind.com) for signature
2022-02-23 - 5:50:20 PM GMT

Email viewed by James Welch (jim@dreadfullykind.com)
2022-02-23 - 5:50:29 PM GMT- IP address: 66.249.84.77

Document e-signed by James Welch (jim@dreadfullykind.com)
Signature Date: 2022-02-23 - 5:52:18 PM GMT - Time Source: server- IP address: 76.168.137.249

Document emailed to alan Ssacks (alansacks@aol.com) for signature
2022-02-23 - 5:52:20 PM GMT

Email viewed by alan Ssacks (alansacks@aol.com)
2022-02-23 - 5:53:33 PM GMT- IP address: 68.198.124.106

Document e-signed by alan Ssacks (alansacks@aol.com)
Signature Date: 2022-02-23 - 5:54:05 PM GMT - Time Source: server- IP address: 68.198.124.106

Agreement completed.
2022-02-23 - 5:54:05 PM GMT



Sub cover for:

# EXHIBIT G

This is an extension to SPECIAL APPEARANCE FEDERAL DEFAULT

## Joint Venture Report as assessed and recorded by Plaintiffs

This cover sheet appears as the first page of seven (7) of the evidence within

**DO NOT DETACH**

| Joint Venture Report | | | | | | |
|---|---|---|---|---|---|---|
| Earthco Enterprises \| Eastern Industries | | | | | | |
| Quarter 1 - 2020 | | | | | | |
| Jan 1 - Mar 31 | | | | | | |
| | # Units (kg) | Sold Price | Commission | | Net Profit | Farmer Earnings (50%) |
| Beginning Inventory | 2359 | | | | | |
| Sold xx/xx/xx | 0 | $    - | $    - | | $    - | $    - |
| | | | | | | |
| Ending Inventory (kl) | 2359 | | | | | |
| | | | | | | |
| Totals | 0 | $    - | $    - | | $    - | $    - |

| Joint Venture Report | | | | | | |
| Earthco Enterprises \| Eastern Industries | | | | | | |
| Quarter 2 - 2020 | | | | | | |
| April 1 - June 30 | | | | | | |
| | # Units (kg) | Sold Price | Commission | Net Profit | Farmer Earnings (50%) | |
| Beginning Inventory | 2359 | | | | | |
| Sold xx/xx/xx | 0 | $    - | $    - | $    - | $    - | |
| Ending Inventory (kl) | 2359 | | | | | |
| **Totals** | **0** | **$    -** | **$    -** | **$    -** | **$    -** | |

| | # Units (kg) | Sold Price | | Commission | | Net Profit | | Farmer Earnings (50%) |
|---|---|---|---|---|---|---|---|---|
| **Joint Venture Report** | | | | | | | | |
| Earthco Enterprises \| Eastern Industries | | | | | | | | |
| Quarter 3 - 2020 | | | | | | | | |
| July 1 - Sep 30 | | | | | | | | |
| Beginning Inventory | 2359 | | | | | | | |
| Sold xx/xx/xx | 0 | $ | - | $ | - | $ | - | $ | - |
| Ending Inventory (kl) | 2359 | | | | | | | |
| **Totals** | **0** | **$** | **-** | **$** | **-** | **$** | **-** | **$** | **-** |

| Joint Venture Report | | | | | | |
|---|---|---|---|---|---|---|
| Earthco Enterprises \| Eastern Industries | | | | | | |
| Quarter 4 - 2020 | | | | | | |
| Oct 1 - Dec 31 | | | | | | |
| | # Units (kg) | Sold Price | | Commission | Net Profit | Farmer Earnings (50%) |
| Beginning Inventory | 2359 | | | | | |
| Sold xx/xx/xx | 0 | $ - | $ | - | $ - | $ - |
| Ending Inventory (kl) | 2359 | | | | | |
| **Totals** | **0** | **$ -** | **$** | **-** | **$ -** | **$ -** |

| Joint Venture Report | | | | | | |
|---|---|---|---|---|---|---|
| Earthco Enterprises \| Eastern Industries | | | | | | |
| Quarter 1 - 2021 | | | | | | |
| Jan 1 - Mar 31 | | | | | | |
| | # Units (kg) | Sold Price | | Commission | | Net Profit | | Farmer Earnings (50%) |
| Beginning Inventory | 2359 | | | | | |
| Sold xx/xx/xx | 0 | $ - | $ - | $ - | $ - |
| | | | | | | |
| Ending Inventory (kl) | 2359 | | | | | |
| | | | | | | |
| **Totals** | **0** | **$ -** | **$ -** | **$ -** | **$ -** |

| | # Units (kg) | Sold Price | Commission | Net Profit | Farmer Earnings |
|---|---|---|---|---|---|
| **Joint Venture Report** | | | | | |
| Earthco Enterprises \| Eastern Industries | | | | | |
| Quarter 2 - 2021 | | | | | |
| Apr 1 - Jun 30 | | | | | |
| Beginning Inventory | 2359 | | | | |
| Sold 06/08/2021 | -8 | $ 10,000.00 | $          - | $ 10,000.00 | $          10,000.00 |
| Ending Inventory (kl) | 2351 | | | | |
| **Totals** | 8 | $ 10,000.00 | $          - | $ 10,000.00 | $          **10,000.00** |

Sub cover for:

# EXHIBIT H

This is an extension to SPECIAL APPEARANCE FEDERAL DEFAULT

## Proposed Amendment to original contract

This cover sheet appears as the first page of three (3) of the evidence within

**DO NOT DETACH**

# ADDENDUM TO JOINT VENTURE AGREEMENT
## October 19, 2021

   This is an Addendum to the Joint Venture Agreement ("Agreement") made between Earthco Enterprises LLC ("EE") and Eastern Industries LLC ("JVCompany") dated November 10th, 2019.

**<u>General Overview; Terms and Conditions</u>**. As of the date of this Addendum, JVCompany holds an inventory count of 2,351 Kilograms of finished hemp powder ("JVInventory") which was produced from the initial allocation of raw biomass supplied to EE from JVCompany. JVInventory is currently stored at EE's facility located at 1856 N Higley Rd, Mesa, AZ 85205. EE desires to sell JVInventory as-is in accordance with the Agreement; however, the product specifications of JVInventory may not always meet the requirements of purchasers wishing to buy finished hemp powder from the Parties. Under circumstances where product specifications of JVInventory do not meet such requirements, EE shall be entitled to the following terms in order to maximize revenues for the benefit of the Parties:

1. EE shall source additional raw biomass ("NewBiomass") and perform the necessary lab testing to ensure NewBiomass meets the product specifications required by purchaser. EE shall be solely responsible for the financial obligations of sourcing NewBiomass.

2. EE shall process NewBiomass into additional finished hemp powder ("NewPowder") and perform the necessary lab testing to ensure NewPowder meets the product specifications required by purchaser. EE shall be solely responsible for the financial obligations of processing NewBiomass into NewPowder.

3. EE shall sell NewPowder to purchaser and handle inventory and revenues from such transaction as follows:

    a. The net weight of JVInventory which is not used, but otherwise would be used, to fulfill a purchase order due to product specification requirements shall be calculated and replaced with NewPowder. Revenues from the replacement of NewPowder for JVInventory shall be split between EE and JVCompany in accordance with the Agreement. The net weight of JVInventory that is replaced by NewPowder to accommodate such purchases shall be deducted from JVCompany's inventory count upon distribution of revenues from such purchases. This deduction of JVInventory shall be reflected in the quarterly reports per the Agreement. (For example: Let's assume JVInventory is at 2,351 Kilograms of finished hemp powder and EE receives a Purchase Order which requires 50 Kilograms of JVInventory to be allocated towards fulfilling the Purchase Order but the product specifications of JVInventory do not meet the requirements of the purchaser. Under these circumstances, EE would then source new biomass and manufacture new finished hemp powder that meets the needed product specifications required under the Purchase Order. EE would cover the costs associated with sourcing new biomass and manufacturing the new finished hemp powder. The new finished hemp powder would then be sold to purchaser and JVCompany would receive their share of the revenues generated from the purchase at the same value they would have received had JVInventory been used. After payment is issued to JVCompany, the JVInventory count would be reduced to 2,301 Kilograms.)

4. JVCompany shall have an option to provide NewBiomass to EE for the purposes described in this Addendum. The terms of obtaining such NewBiomass shall be discussed between the Parties with the understanding that EE shall not be bound or obligated to accept such terms.

5. Once JVInventory reaches 0 (zero) total Kilograms, the Agreement and this Addendum will be considered null and void and will no longer be of force or effect.

Except as modified herein, this Addendum shall not alter, modify or change the Agreement in any other respect.

**EARTHCO ENTERPRISES LLC**
an Arizona limited liability company

By: _____

Name: _Tom Vella_____

Its: _Owner_____

Date: _10/19/2021_____

**EASTERN INDUSTRIES LLC**
a New York limited liability company

By: _____

Name: _____

Its: _____

Date: _____

Sub cover for:

# EXHIBIT I

This is an extension to SPECIAL APPEARANCE FEDERAL DEFAULT

## Letter from Warner Angle Hallam Jackson & Formanek

This cover sheet appears as the first page of three (3) of the evidence within

**DO NOT DETACH**



Our File No.: 21273-00

September 9, 2022

**<u>Via Email, U.S. Mail and Certified Mail</u>**

Eastern Industries LLC
Attn: Anthony Smith
14A Heron Lane
Shelter Island, NY 11964
cub024@yahoo.com

Eastern Industries LLC
Attn: Anthony Smith
39 Tall Timber Rd
Middletown, NJ 07748

Eastern Industries LLC
Attn: Alan Sacks
667 Correll Ave
Staten Island, NY 10309
alansacks@aol.com

Eastern Industries LLC
Attn: Jim Welch
1850 Whitley Ave, Unit 709
Los Angeles, CA 90028
jim@dreadfullykind.com

CreditLife Plus
Attn: Wesley-Keith:Mullings
375 Chestnut Street
Newark, NJ 07104

CreditLife Plus
Attn: Nelson Martins
375 Chestnut Street
Newark, NJ 07104
info@creditlifeplus.com

Gentlemen:

As you are aware I represent Earthco Enterprises, LLC ("Earthco") and its principals with respect to its dealings with Eastern Enterprises and the communications that you have been sending to them purporting to put them on notice that you are somehow entitled to damages and a self-help remedy to collect the same. This is now my second letter to you in response to the documents mailed to Thomas Vella, Dominic Riccobono, Jack Thomas Riccobono, and Wesley Zlotoff.

I am going to get straight to the point because there is no use repeating myself regarding the underlying basis for what you perceive to be a claim that entitles you to damages. The clear black and white language in the Joint Venture Agreement does not in any way entitle you to any type of damages or any other remedies at law or in equity as there was no breach of the Joint Venture Agreement by either Earthco or any of its principals.

I am further not going to teach you how the law works. If you want to continue to try to be an internet lawyer using a technic you found on the internet touting the use of commercial liens as a weapon against your opponent which was proffered by another pro per organization who clearly has no idea of how the law works either, I can assure you that you will learn that the law does not work as this website is preaching.

Please be advised that if you try to use these incomprehensible, improperly informed, pro per created documents to try to place any type of commercial lien on any of my clients we will sue you in the State of Arizona pursuant to Arizona Revised Statutes ("A.R.S.") §47-9518, A.R.S. §47-9625, A.R.S. §47-9509 and A.R.S. §47-9527(A) and we will seek treble damages as authorized by such statutes. Furthermore, we will also report this as a crime to the appropriate arresting authorities seeking to press charges pursuant to A.R.S. §47-9527(E).

September 9, 2022
Page 2 of 2


At this point I am further demanding that all future correspondence to Earthco, Thomas Vella, Dominic Riccobono, Jack Thomas Riccobono, and Wesley Zlotoff be directed to this office. If you or your attorney would like to discuss this further, please do not hesitate to contact me.


Sincerely,

Sandra E. Portney, Esq.


cc:      Client

Sub cover for:

# EXHIBIT J

This is an extension to SPECIAL APPEARANCE FEDERAL DEFAULT

## Full accounting of expenses incurred and costs invested into the 2020 harvest

This cover sheet appears as the first page of fourteen (14) of the evidence within

**DO NOT DETACH**

# ADVANCED PAYMENT AGREEMENT

This Agreement is made and entered into as of this 8th day of June, 2021 ("Effective Date") by and between EarthCo Enterprises LLC, an Arizona limited liability company ("EE"), having principal office located at 1856 N Higley Rd, Mesa, AZ 85205 and Eastern Industries LLC, a New York limited liability company ("EI"), having principal office located at 14A Heron Lane, Shelter Island, NY 11964.

## TERMS AND CONDITIONS

1.    **Advanced Payment**. EE agrees to send $10,000.00 (ten thousand) USD to EI via a wire transfer to a bank account designated by EI. Funds accepted by EI from EE shall be considered an advanced payment and will be deducted in full from future payments which are payable and due to EI through the Joint Venture Agreement between the Parties dated November 10th, 2019.

2.    **Tax Consequences**. Each Party agrees that it will not assert a claim against the other Party for the payment or reimbursement of any tax consequences resulting from any payment made pursuant to this Agreement.

**IN WITNESS WHEREOF** the parties hereto have read, understood and agreed to be bound by the terms and conditions set forth herein, and have executed this Agreement the day and date first above written.

**EARTHCO ENTERPRISES LLC**
an Arizona limited liability company

By: _____

Name: Wesley Zlotoff _____

Its: Member _____

Date: 06/08/2021 _____

**EASTERN INDUSTRIES LLC**
a New York limited liability company

By: _____

Name: Anthony Smith _____

Its: Member _____

Date: 06/08/2021 _____

| date | Purpose | Method of Payment | Amount | Paid to Whom | |
|---|---|---|---|---|---|
| 6/20/19 | test well | Cash | $400 | 631-298-4640 harry goldman | |
| 6/20/19 | Water  test | Cash | $150.00 | | |
| July | Rent/lease | Cash | 3,300 | Paul Matthews | |
| July | Cut grass | Cash | $1,050.00 | Marcos | |
| July | Soil amendment | Cash | $1,700.00 | lime/calcium | |
| 7/14/19 | Workers | Cash | $150.00 | raymundo | |
| 7/9/2019 | brookdale fruit farm | Cash | $20,742.00 | Allen truck driver | |
| 7/15 | labor  2 guys | Cash | $310.00 | hector /his father | |
| 7/15/19 | labor /plastic mulch | Cash | $200.00 | raymundo | |
| 7/15/19 | labor 2guys | Cash | $400.00 | | |
| 7/15/19 | lunch/workers | Cash | $100.00 | | |
| 7/14/19 | lunch/workers | Cash | $120.00 | | |
| 7/17/2019 | irrigation | cash | $139.87 | nugent&potter | |
| 7/17/2019 | well /pump | cash | $2,081.01 | nugent&potter | |
| 7/25/2019 | Workers | cash | $375.00 | | |
| 7/25/2019 | lunch/workers | cash | $60.00 | | |
| 7/25/2019 | plastic/muclh | cash | $1,800.00 | marcos | |
| 7/25/2019 | generator | cash | $1,800.00 | shaun | |
| 7/26/2019 | diesel/gas | cash | $85.00 | | |
| 7/26/2019 | diesel cans | cash | $60.00 | | |
| 7/26/2019 | Workers | cash | $300.00 | | |
| 7/26/2019 | woman/workers | cash | $240.00 | | |
| 7/26/2019 | lunch/ice | cash | $50.00 | | |
| 7/27/2019 | workers | cash | $1,435.00 | | |
| 7/27/2019 | lunch/ice/water | cash | $150.00 | | |
| 7/28-29/2019 | 18/workers | cash | $3,000.00 | | |
| 7/29-29/2019 | lunch/ice | cash | $300.00 | | |
| 7/30/2019 | generator/front | cash | $1,800.00 | shaun | |
| 7/30/2019 | workers | cash | $300.00 | | |
| 7/30/2019 | lunch/water /ice | cash | $50.00 | | |
| 7/31/2019 | workers | cash | $320.00 | | |
| 7/31/2019 | lunch/ice/water | cash | $50.00 | | |
| 8/8/2019 | deer/ph/test/water test | cash | $205.00 | carl,s equipment | |
| 8/8/2019 | drip lock cupling | cash | $63.00 | | |
| 8/9/2019 | deer fence | cash | $2,476.29 | wellscroft fench | |
| 8/9/2019 | deer fence | cash | $49.00 | wellscroft fench | |
| 8/1/2019 | workers/3guys | cash | $500.00 | reymundo/selbin/daro | |
| 8/1/2019 | ice/food/water | cash | $80.00 | | |
| 8/2/2019 | workers/11/guys | cash | $2,000.00 | | |
| 8/2/2019 | food/ice/water/ | cash | $140.00 | | |
| 8/2/2019 | woman/workers | cash | $160.00 | | |
| 8/3/2019 | 9/workers planting | cash | $1,185.00 | | |
| 8/3/2019 | food/ice/water/ | cash | $120 | | |

| Date | Description | Method | Amount | Note | |
|---|---|---|---|---|---|
| 8/4/2019 | lou/4wk@300 | cash | $1,200.00 | | |
| 8/5/2019 | propane | cash | $585.00 | coastal/propane | |
| 8/5/2019 | well/add pipe | cash | $120.00 | | |
| 8/8/2019 | tractor/rental | cash | $3,820.00 | marcos | |
| 8/8/2019 | workers/4 guys | cash | $720.00 | | |
| 8/8/2019 | lunch/water /ice | cash | $60.00 | | |
| 8/9/2019 | 5 workers | cash | $900.00 | | |
| 8/9/2019 | lunch/water /ice | cash | $80.00 | | |
| 8/10/2019 | workers | cash | $480.00 | | |
| 8/10/2019 | lunch | cash | $46.00 | | |
| 8/15/2019 | 6/workers/plant/fence | cash | $1,500.00 | planted 5500 plants and fence | |
| 8/15/2019 | lunch warer ice | cash | $103.00 | | |
| 8/16/2019 | 5/workers | cash | $675.00 | | |
| 8/16/2019 | ice/food/water | cash | $72,00 | | |
| 8/13/2019 | tractor/rental | cash | $2,000.00 | marcos | |
| 8/17/2019 | workers | cash | $240.00 | | |
| 8/17/2019 | food/ice/water/ | cash | $60.00 | | |
| | | | | | |
| | | | | | |
| | | | | | |
| 7/17/19 | seedlings | wire | $42,812 | NEHC | |
| 7/17/19 | WIRE FEE | WIRE | $35.00 | NEHC | |
| 8/28/19 | workers/5 | cash | $800.00 | | |
| 8/28/19 | lunch/ice/water | cash | $100.00 | | |
| 8/28/19 | tractor rental for weeds | cash | $2,000.00 | jason | |
| 8/28/19 | riding mower | cash | $500.00 | patrick | |
| 8/28/19 | fence delivery | cash | $825.00 | | |
| 8/28/19 | fence | debit card | $2,306.16 | wellscroft | |
| 8/14/19 | diesel/fence | cash | $72.00 | moodys | |
| 7/18/19 | diesel | cash | $88.00 | | |
| 7/18/19 | def | cash | $14.99 | | |
| 8/16/19 | gas | cash | $35.00 | | |
| 8/14/19 | ferry | cash | $124.00 | | |
| 7/31/19 | diesel | cash | $77.47 | | |
| 7/28/19 | diesel | cash | $75.00 | | |
| 7/29/19 | gas | cash | $29.05 | | |
| 7/20/19 | gas | cash | $32.00 | | |
| 7/19/20 | diesel | cash | $90.00 | | |
| 7/16/19 | gas | debit card | $65.99 | | |
| 7/23/19 | diesel | debit card | $70.03 | | |
| 7/25/19 | gas | debit card | $29.00 | | |
| 7/31/19 | gas | debit card | $29.15 | | |

| | | | | |
|---|---|---|---|---|
| 7/23/19 | gas | debit card | $34.86 | |
| 8/24/19 | gas | cash | $24.66 | |
| 8/24/19 | diesel | cash | $30.00 | |
| 7/10/19 | diesel | debit card | $84.00 | |
| 7/24/19 | propane | cash | $28.00 | |
| 7/25/19 | trowel | cash | $39.32 | |
| 7/12/19 | diesel | debit card | $82.00 | |
| 8/14/19 | diesel | cash | $80.00 | |
| 8/8/19 | diesel | cash | $86.00 | |
| 8/23/19 | diesel | cash | $64.79 | |
| 7/19/19 | gas | cash | $10.00 | |
| 8/22/19 | gas | cash | $23.64 | |
| 8/27/19 | gas | cash | $8.92 | |
| 8/27/19 | gas | cash | $16.00 | |
| 8/31/19 | gas | cash | $30.00 | |
| 8/28/19 | diesel | cash | $50.06 | |
| 8/28/19 | gwb | cash | $42.00 | |
| 8/29/19 | gas | cash | $40.00 | |
| 8/27/19 | diesel | cash | $66.06 | |
| 7/25/19 | trowel | cash | $19.31 | |
| 8/15/19 | marker | cash | $2.14 | h.d |
| 8/10/19 | garabage | cash | $14.10 | southhold transfer |
| 8/15/19 | | cash | $71.55 | |
| 7/13/19 | supplies | cash | $153.06 | walmart |
| 7/14/19 | tools/stake | cash | $104.66 | hd |
| 8/6/19 | supplies | cash | $23.16 | tractor supply |
| 7/30/19 | supplies | cash | $184.95 | lowes |
| 8/8/19 | supplies | cash | $79.99 | tractor supply |
| 8/8/19 | supplies | cash | $39.09 | true value |
| 8/6/19 | counter | cash | $13.57 | staples |
| 8/14/19 | supplies | cash | $320.00 | lowes |
| 7/13/19 | supplies | cash | $51.12 | w e s trailer |
| 8/8/19 | supplies | cash | $65.43 | advance/auto parts |
| 7/8/19 | supplies | cash | $219.96 | tractor supply |
| 8/22/19 | supplies | cash | $14.11 | advance/auto parts |
| 7/18/19 | supplies | cash | $257.39 | h d |
| 8/7/19 | tarps | cash | $126.77 | h d |
| 8/22/19 | water | cash | $20.00 | rite aid |
| 8/22/19 | supplies | cash | $191.60 | h d |
| 8/25/19 | supplies | cash | $490.41 | tractor supply |
| 8/24/19 | supplies | cash | $58.58 | h d |
| 8/20/19 | ramps | cash | $147.96 | lowes |
| 8/15/19 | fence supplies | cash | $67.12 | tractor supply |

| Date | Item | Method | Amount | Payee |
|---|---|---|---|---|
| 7/17/19 | delivery | cash | $1,800.00 | leon/seedlings |
| 8/29/19 | weld disc | | $250.00 | jason |
| 8/30/19 | belt trimmer line | cash | $69.47 | kaelins equipment |
| 9/18/19 | ground cover | cash | 235 | green island |
| 10/2/19 | n-p-k | cash | $976.00 | green island |
| 9/21/19 | tip | cash | $100.00 | driver dryer |
| 10/9/19 | grinder | cash | $23.34 | wonder land smoke |
| 10/9/19 | sealer | cash | $68.65 | target |
| 9/19/19 | dryer | cash | $25.39 | home depot |
| 9/17/19 | def | cash | $26.66 | autozone |
| 10/9/19 | dehydrator | cash | $83.44 | bed&bath |
| 10/2/19 | insulation | cash | $100.04 | homedepot |
| 9/21/19 | wood | cash | $61.96 | home depot |
| 9/16/19 | wood | cash | $420.17 | home depot |
| 9/25/19 | tru fuel | cash | $44.38 | lowes |
| 10/10/19 | testing | cash | $25.50 | usps |
| 10/12/19 | testing | cash | $14.20 | usps |
| 10/17/19 | testing | cash | $25.50 | usps |
| 10/10/19 | testing | cash | $25.50 | usps |
| 10/10/19 | testing | paypal | $100.00 | #1714 |
| 10/10/19 | testing | paypal | $120.00 | #1677 |
| 10/10/19 | testing | paypal | $80.00 | #1678 |
| 10/20/19 | water | cash | $12.85 | mobil |
| 9/18/19 | diesel | cash | $41.00 | speedway |
| 10/17/19 | diesel | cash | $79.00 | wawa |
| 10/20/19 | diesel | cash | $90.00 | mobil |
| 10/19/19 | lunch | cash | $124.40 | bucking |
| 10/15/19 | diesel | cash | $83.00 | quickcheck |
| 10/2/19 | barths | cash | $92.37 | pharmcy |
| 9/24/19 | diesel | cash | $56.35 | mobile |
| 9/5/19 | gas | cash | $15.00 | bp |
| 9/21/19 | crane | cash | $1,500 | N.C |
| 9/28/19 | crane | cash | $1,550.00 | river head |
| 10/20/19 | workers | cash | $1,800.00 | bucking |
| 9/15/19 | | wire | $1,666.66 | joush |
| 10/20/19 | brain | cash | $50.00 | tractor work |
| 10/18/19 | boxes | cash | $200.00 | mark |
| 10/13/19 | steel | cash | $50.00 | bucker |
| 10/19/19 | water | cash | $12 | mattituck |
| 10/19/10 | coffee | cash | $36.00 | dunkin |
| 10/12/19 | pruners | cash | $181.86 | home depot |
| 10/19/19 | lights | cash | $167.91 | harbor fright |
| 9/7/19 | npk | cash | $612.20 | green island |

| | | | | | |
|---|---|---|---|---|---|
| 10/23/2019 | lucia | cash | | $36.47 | lunch |
| 10/23/19 | dunkin | cash | | $30.45 | coffee |
| 10/23/19 | bp | cash | | $80.00 | diesel |
| 10/24/19 | lucia | cash | | $46.27 | lunch |
| 11/2/19 | bp | cash | | $15.00 | gas/gen |
| 11/12/19 | staples | cash | | $20.00 | staples |
| 11/12/19 | staples | cash | | $20.00 | staples |
| 11/13/19 | rope | cash | | $18.46 | harbor freight |
| 11/14/19 | rope | cash | | $19.01 | home depot |
| 11/13/19 | wrap | cash | | $80.34 | home depot |
| 11/12/19 | pallet/jack | cash | | $293.28 | harbor freight |
| 10/21/19 | lowes | cash | | $126.77 | gloves/tarps |
| 10/29/19 | dunkin | cash | | $34.78 | coffee |
| 10/25/19 | lucia | cash | | $49.67 | lunch |
| 10/24/19 | bp | cash | | $82.98 | diesel |
| 10/25/19 | home depot | cash | | $75.15 | mask/gloves |
| 11/15/19 | speedway | cash | | $74.00 | diesel |
| 11/08/19 | mobil | cash | | $100.00 | diesel |
| 11/8/19 | autozone | cash | | $40.28 | def |
| 11/20/19 | home depot | cash | | $42.14 | processing |
| 10/31/19 | dunkin | cash | | $32.62 | coffee |
| 11/4/19 | mcdonalds | cash | | $17.56 | lunch |
| 11/4/19 | bp | cash | | $100.00 | diesel |
| 10/31/19 | harbor fright | cash | | $59.31 | lights |
| 10/31/19 | stop/shop | cash | | $66.04 | drinks/fruit |
| 11/15/19 | home depot | cash | | $43.52 | rental/pallet |
| 10/29/19 | home depot | debit | | 204.38 | |
| 10/29/19 | malvese | debit | | $33.12 | pins |
| 10/29/19 | michelangelo | debit | | $72.80 | lunch |
| 10/30/19 | subway | debit | | $68.65 | lunch |
| 10/31/19 | bp | amex | | $62.01 | gas |
| 10/30/19 | | debit | | $26.89 | drinks |
| 10/29/19 | brookdale | debit | | $3,760.00 | plastic lifter |
| 11/2/19 | mattituck motel | cash | | $288.67 | room |
| 10/24/19 | el chapinciti | debit | | $29.06 | lunch |
| 11/25/19 | jfk | cash | | $132.00 | parking |
| 10/21/19 | autozone | cash | | $68.39 | def/gloves |
| 11/1/19 | popeyes | cash | | $64.26 | lunch |
| 10/31/19 | bp | cash | | $98.00 | diesel |
| 11/14/19 | bp | | 1109 | $92.97 | diesel |
| 11/6/19 | mcdonalds | cash | | $50.05 | dinner |
| 10/23/19 | pizza | cash | | $94.50 | lunch |

| | | | | | |
|---|---|---|---|---|---|
| 10/30/19 | shell | debit | | $17.66 | gas |
| 10/23/19 | home depot | debit | | $27.12 | mask |
| 11/2/19 | bp | cash | | $80.00 | diesel |
| 11/11/19 | wawa | cash | | $49.01 | diesel |
| 10/26/19 | shell | cash | | $15.00 | gas |
| 10/22/19 | advance auto | cash | | $3.99 | tool |
| 11/3/19 | home depot | cash | | $76.30 | |
| 10/25/19 | southhold transfer | cash | | $57.80 | garbage |
| 10/23/19 | home depot | cash | | $309.06 | |
| 11/6/19 | home depot | cash | | $86.65 | |
| 11/6/19 | walmart | cash | | $48.05 | |
| 10/28/19 | quickcheck | | 5683 | $42.01 | diesel |
| 10/26/19 | bolla | cash | | $75.15 | diesel |
| 10/28/19 | chipotle | cash | | $63.76 | dinner |
| 10/30/19 | workers/lunch | cash | | $4,325.00 | book |
| 10/31/19 | workers/lunch | cash | | $1,651.00 | book |
| 11/1/19 | workers/lunch | cash | | $2,485.00 | book |
| 11/1/19 | rental | cash | | $500.00 | jason |
| 11/3/19 | workers/lunch | cash | | $1,230.00 | bucking/harvest |
| 11/4/19 | workers/lunch | cash | | $600.00 | bucking/harvest |
| 11/4/19 | workers/lunch | cash | | $405.00 | bucking/harvest |
| 11/5/19 | workers/lunch | cash | | $685.00 | bucking/harvest |
| 11/6/19 | workers/lunch | cash | | $2,245.00 | bucking/harvest |
| 11/7/19 | workers/lunch | cash | | $210.00 | bucking/harvest |
| 11/8/19 | workers/lunch | cash | | $480.00 | bucking/harvest |
| 11/12/19 | workers/lunch | cash | | $210.00 | bucking/harvest |
| 11/13/19 | workers/lunch | cash | | $300.00 | bucking/harvest |
| 11/14/19 | workers/lunch | cash | | $480.00 | load truck |
| 11/14/19 | truck/driver | cash | | $100.00 | tip |
| 11/16/19 | truck/driver | wire | | $4,350.00 | delivery |
| 11/16/19 | bank/fee | wire | | $35.00 | chase |
| 11/17/19 | jet blue flight | card | | $497.00 | az |
| 11/17/19 | 3/nights | card | | $276.30 | airbnb |
| 11/20/19 | 4/nights | card | | $440.30 | airbnb |
| 11/24/19 | flight | card | | $642.30 | american |
| 11/24/19 | hertz | card | | $307.30 | car rental |
| 11/13/19 | sand blast | cash | | $300.00 | jason |
| 11/10/19 | rental jason | cash | | $450 | jason |
| 11/2/19 | rental/jason | cash | | $500.00 | jason |
| 10/29/19 | delivery | cash | | $100 | driver/plastic |
| 11/9/19 | mattituck motel | cash | | 287.00 | hotel |
| 11/18/19 | workers unload | cash | | $150.00 | az |
| 10/23/19 | Staples | Cash Card | | 0.76 | Printing |

| 11/12/19 | Staples | Cash Card | 35.92 | Printing | |
| 11/15/19 | Duncan Inn | Total season stay | 8,500.00 | Lodging | |
| | | | 5,000.00 | Emergency Room | |
| 11/30/19 | | End of Season | 3,100.00 | ATV repairs/expenses | |
| | | | 178,046.24 | | |

### MATTITUCK FARM PROJECT EXPENSE LIST

| DATE | METHOD OF PAYMENT | | AMOUNT | EXPENSE (paid to whom) | |
|------|-------------------|--|--------|------------------------|--|
| Wednesday, June 26, 2019 | license | wire transfer | $ 5,000.00 | Apricity, Inc. | |
| Wednesday, June 26, 2019 | Wire transfer fee | | $ 35.00 | Apricity, Inc. wire transfer fee | |
| Tuesday, July 2, 2019 | dry lime | check #98 | $ 1,734.75 | Nolt Spreading, LLC | |
| Saturday, July 6, 2019 | Farm supplies | check #101 | $ 18,497.45 | Brookdale Fruit Farm | $16,789.00 |
| Sunday, July 7, 2019 | Gasoline | cc | $ 19.00 | Bp Petroleum | |
| Sunday, July 7, 2019 | Tarps | cc | $ 96.97 | The Home Depot | |
| Wednesday, July 10, 2019 | Tools for irrigation | cash | $ 32.06 | Orlowski Hardware (True Value) | |
| Thursday, July 11, 2019 | Gasoline | cc | $ 24.47 | Bp Petroleum | |
| Monday, July 15, 2019 | Irrigation supplies | cc | $ 5.96 | Orlowski Hardware (True Value) | |
| Monday, July 15, 2019 | Irrigation supplies | cc | $ 193.68 | The Home Depot | |
| Wednesday, July 17, 2019 | Seedlings | wire transfer | $ 23,290.00 | NEHC, LLC | |
| Wednesday, July 17, 2019 | Wire transfer fee | | $ 35.00 | NEHC, LLC wire transfer fee | |
| Wednesday, July 17, 2019 | Lunch for workers | cc | $ 39.72 | Lucia Restaurant | |
| Thursday, July 18, 2019 | Lunch for workers | cc | $ 89.24 | Original Michelangelo | |
| Thursday, July 18, 2019 | Tools for planting | cc | $ 129.03 | The Home Depot | |
| Friday, July 19, 2019 | Lunch for workers | cc | $ 80.65 | Original Michelangelo | |
| Friday, July 19, 2019 | Gasoline | cc | $ 60.24 | | |
| Friday, July 19, 2019 | Gasoline | cc | $ 5.00 | Bp Petroleum | |
| Friday, July 19, 2019 | Dinner for workers | cc | $ 52.65 | Original Michelangelo | |
| Monday, July 22, 2019 | Gasoline | cc | $ 40.71 | Bp Petroleum | |
| Monday, July 22, 2019 | Well pump parts | cc | $ 10.29 | The Home Depot | |
| Tuesday, July 23, 2019 | Irrigation supplies | cc | $ 1,033.48 | Romanski Irrigation | |
| Tuesday, July 23, 2019 | Well | cc | $ 1,000.00 | Gregor Well | |
| Wednesday, July 24, 2019 | Irrigation supplies | cc | $ 4.65 | Orlowski Hardware (True Value) | |
| Wednesday, July 24, 2019 | Well | cc | $ 1,000.00 | Gregor Well | |
| Thursday, July 25, 2019 | Gasoline | cc | $ 29.02 | Bp Petroleum | |
| Thursday, July 25, 2019 | Gasoline | cc | $ 16.97 | Bp Petroleum | |
| Thursday, July 25, 2019 | Well | cc | $ 1,000.00 | Gregor Well | |
| Friday, July 26, 2019 | Well | cc | $ 1,000.00 | Gregor Well | |
| Saturday, July 27, 2019 | Lunch for workers | cash | $ 33.89 | Original Michelangelo | |
| Saturday, July 27, 2019 | Marking flags | cc | $ 37.37 | The Home Depot | |
| Sunday, July 28, 2019 | Irrigation supplies | cc | $ 35.77 | Orlowski Hardware (True Value) | |
| Sunday, July 28, 2019 | Payment to workers | cash | $ 1,180.00 | Workers | |
| Monday, July 29, 2019 | Irrigation supplies | cc | $ 32.28 | Orlowski Hardware (True Value) | |
| Monday, July 29, 2019 | Garbage disposal | cash | $ 33.60 | Southold Town Dept Solid State | |
| Monday, July 29, 2019 | Gasoline | cc | $ 4.98 | Bp Petroleum | |
| Monday, July 29, 2019 | Well | cc | $ 1,000.00 | Gregor Well | |
| Tuesday, July 30, 2019 | Well | cc | $ 1,000.00 | Gregor Well | |
| Friday, August 2, 2019 | Gasoline | cc | $ 17.00 | Bp Petroleum | |
| | | | | | |
| | | | $ 57,930.88 | | |
| | | | | | |
| | | | | | |
| Leslie loan | | | $33,000 | | |
| Josh's Legal fees | | | $21,000 | | |
| | | | | | |
| | | | | | |
| After expenses are paid back: | | | | | |
| 10% net payout to North40 | | | | | |
| 11.25% to Paul Matthews | | | | | |

| Date | Method of Payment | Amount | From Whom |
| --- | --- | --- | --- |

| Date | Purpose | Method of Payment | Amount | Paid to Whom | | |
|------|---------|-------------------|--------|--------------|--|--|
| 7/18/19 | Rent | Wire | $2,730 | Paul Matthews | | |
| 7/18/19 | Rent | Wire/Check | $900 | Marcos | | |
| 7/19/19 | Seedlings | Wire | $20,898 | NEHC LLC | | |
| 8/13/19 | Seedlings | Wire and Amex | $9,364 | Wessel's Farm Inc. | | |
| 7/21/19 | Hotel | Amex | $565.05 | instead of paying farm workers | | |
| 7/23/19 | Hotel | Amex | $636.29 | instead of paying farm workers | | |
| 7/10/19 | Weedwacker | Amex | $287.73 | Home Depot | | |
| 7/10/19 | Hand tools | Amex | $26.04 | Jamestown Hardware | | |
| 7/18/19 | Food for workers | Cash | $100 | | | |
| 7/18/19 | Easy Up | Discover | $72 | Walmart | | |
| 7/12/19 | Plowing | Check | $2,250 | Brian Mchale | | |
| 8/6/19 | Venable | Wells Fargo | $816 | Legal Fees | | |
| 9/13/19 | Hemp Dryer | Wire | $8,500 | M&A Farms Inc | | |
| 9/9/19 | Irrigation | Zelle | $3,000 | Alan Sax | | |
| 9/16/19 | Trucking for Dryer | Credit Card | $4,700 | Chris & J Solutions | | |
| 9/9/19 | Legal retainer | Wells Fargo | $1,666.66 | Ansell, Grimm, Adam | | |
| 12/4/19 | Propane for dryers | Amex | $840.43 | GreatWhitePropane | | |
| 10/22/19 | Use of Farm Facilites/Tru | Wire | $5,000 | North40 | | |
| 10/24/19 | Gasoline | DK Debit Card | $20 | Uniondale Shamrock | | |
| 11/1/19 | Gasoline | DK Debit Card | $20 | Goodluck Calverton | | |
| 11/4/19 | Gasoline | Debit Card | $11.19 | 76-Ali Usman | | |
| 12/6/19 | Electric Bill | Debit Card | $500 | North40 | | |
| 12/9/19 | Gas for Payloader | Check | $280 | North40 | | |
| 12/9/19 | Pins for drip tape tractor | Check | $50 | North40 | | |
| 10/28/19 | Supersacks | PO/Credit Card | $1,375.08 | Uline | | |
| 10/28/19 | Liners for Supersacks | PO/Credit Card | $126.92 | Uline | | |
| 11/4/19 | Supersacks/Liners reorde | PO/Credit Card | $1,240.39 | Uline | | |
| 10/31/19 | Dessicant Packs | Credit Card | $706.63 | Edco Supply | | |
| 11/27/19 | Insurance for North40 an | Mastercard | $802 | American National Insurance | | |
| 11/21/19 | Propane for dryers | Gold Mastercard | $796.02 | Great White Propane | | |
| 11/12/19 | Coffee for workers | Gold Mastercard | $15.24 | Duncan Donuts | | |
| 11/12/19 | MIsc | Gold Mastercard | $224.07 | Home Depot | | |
| 11/11/19 | Paperwork printing | Gold Mastercard | $20.97 | Staples | | |
| 11/7/19 | Coffee/Donuts for worker | Gold Mastercard | $30.63 | Duncan Donuts | | |
| 11/6/19 | Coffee/Donuts for worker | Gold Mastercard | $30.63 | Duncan Donuts | | |
| 11/2/19 | Batteries | Gold Mastercard | $12.26 | CVS | | |
| 11/2/19 | Lunch for workers | Gold Mastercard | $65.68 | Popeyes | | |
| 10/31/19 | Return extra laundry bags | Gold Mastercard | $87.44 | UPS Store | | |
| 10/22/19 | Legal fees | Gold Mastercard | $3,000 | Ansell, Grimm, Adam | | |
| 9/27/19 | Notorize document for Jo | DK Bank Debit Card | $15.00 | UPS Store | | |
| 11/13/19 | Lunch for workers | Cash | 31.81 | Vellage Deli Chapin | | |
| 11/4/19 | Lunch for workers | Cash | 79.22 | Subway | | |
| 8/11/19 | Water for workers | Discover | $23.80 | Walmart | | |
| 10/12/19 | Laundry Bags | DK Amex | $3,120.80 | Laundrybags.com | | |
| 9/24/19 | Fertilizer | DK Amex | $309.76 | Green Island Distribution | | |
| 9/11/19 | Belts for lawnmower | Cash | $81.12 | Northeastern Equipment Unlimited | | |
| 9/9/19 | weedwacker part | Discover | $56.26 | Kaelin's Service Center | | |
| 9/20/19 | Lawnmower Belt | Discover | $47.12 | Kaelin's Service Center | | |

| Date | Description | Payment | Amount | Vendor | | |
|---|---|---|---|---|---|---|
| 10/19/19 | Clippers/harvest tools | DK Amex | $326.00 | Home Depot | | |
| 9/24/19 | Gas | Discover | $46.04 | Speedway | | |
| 11/19/19 | Gas | Alex Visa | $40 | Speedway | | |
| 9/24/19 | Diesel | Discover | $15.00 | BP Mattituck | | |
| 10/20/19 | Gas | Discover | $33.37 | Speedway | | |
| 8/9/19 | Rent | Check | $900 | Paul Matthews | | |
| 11/8/19 | Workers salaries | Cash | $10,300 | Field/Harvest Workers @ $15/hour | | |
| 1/23/20 | Legal retainer | DK Amex | $2,500 | Ansell, Grimm | | |
| 4/1/20 | Legal fees | DK Amex | $500 | Ansell, Grimm | | |
| 9/21/19 | Lodging | DK Amex | $3,570 | Airbnb | | |
| 1/15/20 | Eastern Industries LLC F | Visa | $408 | Newsday | | |
| 1/27/20 | Eastern Industries LLC F | Visa | $40 | Riverhead News Review | | |
| | | | | | | |
| 1/14/21 | Anthony Smith | Wells Fargo | $64 | DK share of testing lab to disprove Earthco's results | | |
| 3/17/21 | Venable | Wells Fargo | $500 | Legal Fees | | |
| 5/28/21 | Venable | Wells Fargo | $300 | Legal Fees | | |
| 10/21/21 | Ansell Grimm | Wells Fargo | $250 | Legal Fees | | |
| | | | | | | |
| | | | $93,762 | | | |
| | | | | | | |
| | | | | | | |
| 9/5/19 | Flight to LA at end of har | Chase Visa | 262.58 | Spirit Airlines | | |
| 7/23/19 | Baggage Fee | Chase Visa | $30 | United Airlines | | |
| 7/16/19 | United Miles | Personal mileage acco | $250 | United Airlines | | |
| 7/16/19 | Award Travel fee | Chase Visa | $75 | United Airlines | | |
| 7/17/19 | Baggage Fee | Chase Visa | $30 | United Airlines | | |
| 11/14/19 | Baggage Fee | Gold Mastercard | $30 | United Airlines | | |
| 11/13/19 | Jitney to airport | Gold Mastercard | $21 | Hampton Jitney | | |
| 11/11/19 | Phone repair farm damag | Gold Mastercard | $129 | Squaretrade Insurance | | |
| 11/10/19 | United Miles | Personal mileage acco | $250.00 | United Airlines | | |
| 11/10/19 | United Award Travel | Gold Mastercard | $80.60 | United Airlines | | |
| 7/27/19 | Baggage Fee | Gold Mastercard | $30 | United Airlines | | |
| 7/26/19 | Train to NY Airport | Gold Mastercard | $24 | LIRR | | |
| 10/14/19 | Flight to harvest | DK Amex | $267.00 | American Airlines | | |
| 10/7/19 | Hotel | DK Amex | $139.93 | Crowne Plaza Valley Forge | | |
| 10/18/19 | Food for Workers | DK Amex | $75.33 | Walmart | | |
| 11/9/19 | Hotel returning from harv | DK Amex | $86.32 | Best Western Carlisle | | |
| 10/31/19 | Food for workers during I | DK Amex/Discover/Ca | $2,048.51 | Misc supermarkets | | |
| 7/9/19 | Hotel arrival to farm | DK Amex & Hotel.com | $100.00 | Hotel.com | | |
| 7/6/19 | Hotel travel to farm | DK Amex | $95.62 | The View Inn & Suites | | |
| 11/10/19 | Gas | Discover | $43.96 | Pilot | | |
| 7/26/19 | Car rental | DK Amex | $941.44 | Hertz | | |
| 7/23/19 | Brake repair | Mastercard | $1,738 | Lou | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| Total expenses adding together all tabs: | | $390,973.09 | | | | |

| | | | | |
|---|---|---|---|---|
| Josh's legal fees | | | | |
| Loan from Leslie to pay Apricity | | | | |
| | | | | |
| Alex's work calendar | | | | |
| July 9th, arrive in Long Island 10, 11, 12, 13, 14, 15, 16, | | | | |
| July 17th The first planting starts 18, 19, 20, 21, 22, 23, 24th | | | | |
| July 25th leave Long Island | | | | |
| August 10th return to Long Island. 11, 12, 13, | | | | |
| August 14th The second planting of 6,000 seedings starts 15, 16, | | | | |
| 17th spent day at North 40 | | | | |
| August 18, 19, 20, 21, 22, 23, | | | | |
| August 24th day off | | | | |
| August 25, 26, 27, 28, 29, 30, 31. | | | | |
| September 1, 2, 3, | | | | |
| September 4th Anthony's accident | | | | |
| September 5th, 6, 7, 8, | | | | |
| September 9th first male found. (flowering cycle starts) | | | | |
| September 10, 11, 12, 13, | | | | |
| September 14th day off | | | | |
| September 15, | | | | |
| September 16th dryer arrives at North 40 | | | | |
| September 17, 18, 19, 20, 21, 22, 23, 24, 25, | | | | |
| September 26 ceases and desist order from Paul. | | | | |
| September 27, 28, 29, 30 | | | | |
| October 1st and 2nd days off | | | | |
| October 3nd, | | | | |
| October 4th move into Airbnb | | | | |
| October 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, | | | | |
| October 19th Harvest starts | | | | |
| October 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31. | | | | |
| November 1, 2, 3, | | | | |
| November 4th finish harvest. | | | | |
| November 5, 6, 7, 8, 9th. | | | | |
| November 10th leave Long Island. | | | | |
| 93 days total. | | | | |