UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY SMITH; JAMES WELSH; ALAN SACKS,<br><br>                          Plaintiffs,<br><br>       -against-<br><br>THOMAS VELLA; WESLEY ZLOTOFF; DOMINIC RICCOBONO; JACK THOMAS RICCOBONO,<br><br>                          Defendants. | 22-CV-10664 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiffs Anthony Smith, James Welsh, and Alan Sacks, who are proceeding *pro se*, bring this action invoking the Court's diversity of citizenship jurisdiction. Plaintiffs allege that Defendants breached a contract for the sale of industrial hemp, and they seek declaratory relief and millions of dollars in money damages. (ECF 1 ¶¶ 12-17.) For the following reasons, the Court transfers this action to the United States District Court for the District of Arizona.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under 28 U.S.C. §1391(c), for venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and an "entity with the capacity to sue and be sued," if a

defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question.[1] *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff Smith resides in New Jersey, Plaintiff Welch resides in California, Plaintiff Sacks resides in Staten Island, New York, and Plaintiffs' company, Eastern Industries, LLC, is located in Shelter Island, New York. (ECF 1 ¶¶ 3-5, and 75-78.) They allege that Defendants reside in Scottsdale and in Queen Creek, Arizona, and that Defendants' company, Earthco Enterprises, LLC, resides in Chandler, Arizona. (*Id.* ¶¶ 6-8.) Plaintiffs allege that shipments of industrial hemp were "received at a facility controlled by Defendants' company," and that some payments were made but, thereafter, Defendants "attempted to adjust the terms of the original" contract without Plaintiffs' consent. (*Id.* ¶¶ 16-17.) Plaintiffs further assert that venue is proper in this court because "the contract in dispute was executed in New York." (*Id.* ¶ 11.)

The facts in the complaint show that all Defendants reside in Arizona, where the industrial hemp was shipped, and it thus appears that a substantial part of the events giving rise to this action occurred in Arizona. Thus the United States District Court for the District of Arizona is a proper venue for this action, under either Section 1391(b)(1) or (2). *See* 28 U.S.C. § 82.

---

[1] With respect to a defendant that is a corporation:

> in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. § 1391(d).

It is not clear that venue is proper in this District. Plaintiff Sack resides in Staten Island, which is in Richmond County, New York, and Eastern Industries, LLC, resides in Shelter Island, which is in Suffolk County, New York. Richmond and Suffolk Counties fall within the Eastern District of New York, and not in this judicial district. *See* 28 U.S.C. § 112(b), (c). Plaintiffs assert that the contract was executed in "New York," but it is not clear from the complaint that the contract was executed in this District, and not in the Eastern District of New York. Moreover, there are no other allegations suggesting that any of the other underlying events occurred here. Thus, venue may not be proper in this court under Section 1391(b)(1) or (2).

Under 28 U.S.C. § 1404(a), even if an action is filed in a jurisdiction where venue is proper, a court may transfer the case to any other judicial district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this action, even if there is some basis for venue in this court. The underlying events occurred in Arizona, where all Defendants reside, and where Plaintiffs' product was shipped. The District of Arizona appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the District of Arizona. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Arizona. Whether Plaintiffs should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.[2] Summonses shall not issue from this Court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 10, 2023
         New York, New York

                                                  /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                Chief United States District Judge

---

[2] Plaintiffs filed this complaint without paying the relevant fees or filing applications for leave to proceed *in forma pauperis*.